**Marcella A. HAUGH, Appellant,**

v.

**J. R. CURLEE, Appellee.**

**No. 17519.**

United States Court of Appeals
Fifth Circuit.

March 25, 1959.

Fred C. Davant, Miami, Fla. (Boardman, Bolles, Davant & Lloyd, Miami, Fla., on the brief), for appellant.

Frank A. Howard, Jr., A. Lee Bradford, Miami, Fla. (Dixon, DeJarnette, Bradford & Williams, Miami, Fla., on the brief), for appellee.

Before RIVES and TUTTLE, Circuit Judges, and SIMPSON, District Judge.

PER CURIAM.

Appellant, plaintiff below, sued to recover for personal injuries received in an automobile collision. The jury returned a verdict for defendant. Two questions are sought to be presented to this Court. (1) Under the facts and circumstances of this case, does the law of Florida require a charge to the jury on the "last clear chance" doctrine? (2) Did the district court abuse its discretion in not granting a new trial based on newly discovered evidence?

■ The "last clear chance" doctrine was contained in appellant's requested jury instructions Nos. 6 and 10 which were refused. Even after the trial judge specifically gave an opportunity to object to the jury instructions, counsel failed to do so before the jury retired. We find no plain error resulting in a miscarriage of justice. Consequently, appellant has not reserved for appellate review the failure to give an instruction on the last clear chance doctrine. Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A.

■ The newly discovered evidence in all probability would not produce a different result and there is no adequate showing that this evidence could not by due diligence have been produced at the trial. "Clearly, there was no reviewable abuse of discretion in the trial court's denial of the motion for new trial upon this ground." Phillips v. Employers Mutual Liability Ins. Co. of Wisconsin, 5 Cir., 1956, 239 F.2d 79, 82.

The judgment is

Affirmed.