## UNITED STATES CASUALTY CO. v. DREW.

(Circuit Court of Appeals, Ninth Circuit. May 11, 1925.)

No. 4550.

1. Appeal and error ⟺1040(10)—Action of court in overruling demurrer to insured's complaint against insurer, if erroneous, held not prejudicial.

Even if complaint in action on automobile liability policy, alleging that "on or about the 4th day of September" insured executed note in payment of judgment, and that insurer denied liability in notice bearing date September 6th, was demurrable in view of policy provision that insured would make no settlement without written consent of insurer, insurer was not prejudiced by order overruling demurrer, where there was evidence from which jury must have found that insurer's denial of liability preceded execution of note.

2. Insurance ⟺665(3)—Evidence held not to show insured's bad faith or failure to co-operate with insurer in defending action.

Evidence held not to show insured's bad faith or failure to co-operate with liability insurer in defending action for death of his son's wife in automobile collision while riding as guest in insured's automobile, so as to require instructed verdict.

In Error to the District Court of the United States for the Northern Division of the Southern District of California.

Action by A. M. Drew against the United States Casualty Company. Judgment for

plaintiff, and defendant brings error. Affirmed.

The defendant in error was insured by an automobile liability policy in the sum of $10,000. His son's wife, while riding with him in the automobile, was killed in a collision with a railroad train. The son brought in a state court an action for damages against the defendant in error charging him with negligence. The insurance company, on receiving notice of the action, sent its attorneys to defend the same. On September 4, 1923, trial in that case resulted in a judgment against the defendant in error for $13,-099.50. On September 6, 1923, the insurance company gave the defendant in error notice that it denied liability on the policy, and that it had instructed its attorneys to withdraw from the case. The defendant in error executed a note to his son in payment of the judgment, and on October 2, 1923, the judgment was satisfied of record. Thereafter the defendant in error obtained in the court below a judgment against the insurance company in the amount of the policy. To review that judgment the case is brought to this court on writ of error.

Warren Gregory, Allen L. Chickering, Evan Williams, and Donald Y. Lamont, all of San Francisco, Cal., for plaintiff in error.

Arthur H. Drew, of Fresno, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] Error is assigned to the order of the court below overruling the demurrer to the complaint. It is contended that from the complaint it appears that one of the conditions of the policy was that the insured should make no settlement of any claim arising thereunder without the written consent of the company, and that the complaint shows that before liability under the policy was denied by the insurance company the defendant in error executed his note in payment of the judgment. Reference is made to the specific allegations of the complaint, "that on or about the 4th day of September, 1923," the defendant in error executed his note in payment of the judg-

ment, and the further allegation that by a notice bearing date September 6th, the insurance company denied its liability. From those allegations, however, it did not necessarily follow that the execution of the note by the defendant in error preceded the insurance company's denial of liability. And even if on account of the allegations so phrased the complaint was subject to demurrer, there was no prejudice to the plaintiff in error in the fact that it was overruled, for on the trial there was evidence from which the jury must have found that the note was not executed until after the defendant in error had received notice of the insurance company's denial of liability and the withdrawal of its attorneys, and evidence that when made and delivered the note was dated back to September 4, 1923, in order that it might draw interest from the date of the judgment. Although the charge of the court to the jury is not contained in the bill of exceptions, we are authorized in assuming that in response to appropriate instructions on the subject the jury determined by their verdict that the execution of the note was subsequent to the insurance company's denial of liability.

[2] Error is assigned to the denial of the motion of the plaintiff in error for an instructed verdict in its favor. The grounds of the motion were the failure of the defendant in error to exercise good faith toward the insurance company and his failure to co-operate with it on the trial of the action in the state court. Reference is made to testimony of one of the attorneys who were conducting the defense in that court, who said that the defendant in error never spoke to him about the case during the entire trial, and never assisted him. But he did not testify that he ever called upon the defendant in error for assistance, nor did he testify to anything that the latter could have done to assist him. Nor do we think that evidence of bad faith or lack of co-operation is to be found in the fact that in the action in the state court the attorney for the plaintiff was the plaintiff's brother, or in the fact that the railroad company was not made a party defendant in that action; the insurance company's attorneys having, as they did, sole charge of the defense.

The judgment is affirmed.