In the Matter of the Claim of ABRAHAM ITZKOWITZ, Respondent, against FINER & BACHRACH and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 23, 1926.

**Workmen's compensation — failure to give notice of injury within meaning of Workmen's Compensation Law, § 18 — lack of prejudice cannot be shown by testimony of employer.**

Where an employer has failed to give notice of injury required by section 18 of the Workmen's Compensation Law, the lack of prejudice to the employer cannot be shown by the testimony of the employer, and it was error for the State Industrial Board to examine the employer on the question whether or not he was prejudiced by the failure to give the required notice.

APPEAL by Finer & Bachrach and another from an award of the State Industrial Board, made on the 23d day of April, 1926.

*Frederick Mellor* [*Richard F. Weeks* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Board.

COCHRANE, P. J.   Written notice of injury was not given the employers as required by section 18 of the Workmen's Compensation Law.   The Board excused the failure to give such notice as follows: "The employer was not prejudiced because at a hearing held upon the claim for compensation filed by Abraham Itzkowitz, Jacob Finer, one of the employers in the copartnership that employed him, testified that the employer was not prejudiced by the failure to give written notice of injury and that he excused the failure to give written notice of injury."

The practice which has become prevalent by some referees of asking the employer or his agent if the employer has been prejudiced by the failure to give the statutory notice cannot be sustained. We have heretofore at this term of the court expressed our disapproval of such practice.   (*Matter of Sonntag* v. *Steinway & Sons,* 218 App. Div. 794.)   This case well illustrates the injustice as well as the illegality of such a question.   The employer, Jacob Finer, before answering the question wanted to ascertain whether it would make him personally responsible for the compensation. He said: "Would they hold me personally responsible for his compensation, if I did excuse him?   If they did, then I would not like to take the burden on my shoulder."   After further questions and continued reluctance by the witness to answer due to his want of knowledge as to whether his answers would exonerate the insurance carrier, he asked for time to consult his partner.   At a subsequent hearing he testified as follows, the questions being asked by the referee:   "Q. And I asked you a question relative to whether or not you were prejudiced in this matter, or whether your rights had been prejudiced, and you told me, I believe, that before you could answer that question definitely, you would have to get in touch with your partner, Mr. Bachrach?   A. Yes, sir. Q. Have you done that?   A. Yes, sir.   Q. I will ask the question again.   After conferring with your partner, are you prejudiced in any way in this matter?   A. No, sir."   On the foregoing testimony the Board found that the employers were not prejudiced by the failure to give the notice and excused such failure in the language first above quoted.   It is clear that the answer of the witness was prompted solely by the consideration as to whether his firm or the insurance carrier would have to pay the award.   Because they were insured, therefore, reasoned the witness, they were not prejudiced.   Of course in that sense an insured employer never can be prejudiced because of failure to give the notice.   But the word "prejudiced" as used in the statute means that the employer by reason of the failure to receive the notice has been made less able to resist the claim.   Prejudice in this sense is the same whether

the employer is insured or is a self-insurer. A further reason why such testimony is improper is because the question of prejudice depends on a determination of the facts in each particular case and of the law applicable to such facts and it is not the province of a witness to determine either the facts or the law. It is for the Board and not the witness to draw the inference of prejudice or want thereof. Reference is made to the case of *Lawson* v. *Wallace & Keeney* (202 App. Div. 435). The court in that case was considering an amendment to the statute and what was said was in illustration of such amendment. Two or three sentences have been detached from the opinion and read without reference to the context. The opinion when read in its entirety does not sanction an inquiry of a witness as to whether the employer is prejudiced. The opinion of a witness as to that question is not only valueless but as in this case may be harmful.

The award should be reversed and the claim remitted, with costs against the State Industrial Board to abide the event.

H. T. Kellogg, Van Kirk, Hinman and McCann, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.