## WILLIAMS v. EMPLOYERS MUT. LIABILITY INS. CO. OF WISCONSIN.

### No. 10205.

Circuit Court of Appeals, Fifth Circuit.

Nov. 24, 1942.

Rehearing Denied Jan. 6, 1943.

See, also, Employers Mut. Liability Ins. Co. v. Andrus, D.C., 39 F.Supp. 605.

Richard T. Rives, of Montgomery, Ala., for appellant.

Jack Crenshaw, of Montgomery, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Sara Williams, who was injured in an automobile accident, recovered judgment in the Alabama State Court against Robert H. Andrus for $2,999 and costs. Thereafter, Employers Mutual Liability Insurance Company, which had issued its policy

of automobile liability insurance to Andrus, filed its complaint in the District Court, alleging that Andrus had breached the policy conditions requiring cooperation by the insured, and seeking a declaratory judgment that it was not liable on the policy to either its insured, Andrus, or to the injured person, Sara Williams. After trial, judgment was entered on a directed verdict in favor of the insurance company, and Miss Williams has appealed.

Appellant contends that the District Court was without jurisdiction to entertain the action for the reason that the requisite jurisdictional amount was not shown. The original complaint alleged that more than $3,000 was involved in the action, and by amendment to the complaint it was alleged that Miss Williams had recovered judgment against Andrus for "$2,999.00, and the further sum of Sixteen and 70/100 Dollars ($16.70) costs, which said costs became merged in and a part of said judgment". Miss Williams alleged that the costs in the State Court suit had been paid by Andrus; that she had waived all interest against him; and that she had a claim against him for only $2,999.

In cases of this kind it has long been established that for the United States District Court to have jurisdiction three facts must be shown to exist and coexist: (1) There must be, between the parties, an actual controversy. (2) There must be a diversity of citizenship. (3) The amount involved must exceed $3,000. C. E. Carnes & Co. v. Employers' Liability Assurance Corporation, 5 Cir., 101 F.2d 739. A showing of these elements is vital, and if it is made to appear that either of the jurisdictional prerequisites are lacking, it becomes the duty of the District Court to dismiss the action. Furthermore, the party asserting jurisdiction has the burden of proof, and if his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.

In the case at bar the jurisdictional facts were alleged by the complainant, and the denial of the appellant in her answer was that the costs had been paid by Andrus and the interest waived by her. Nowhere does it appear that Miss Williams had waived the interest and Andrus had paid the costs before the filing of the complaint in this cause. In the answer filed by Andrus it was alleged: "This defendant avers that before the filing of the amendment to the complaint in this cause this defendant paid the costs of said Court in the sum of, towit, $16.70, and that the defendant, Sara Williams, waived any right to interest on said judgment so that at the time of the filing of the amendment to the complaint in this cause and ever since the amount due on said judgment has been the sum of $2,999.00 without interest or costs."

We think this allegation in substance and effect shows an attempt to deprive the District Court of jurisdiction already attached by reducing the claim below the jurisdictional amount. The court may not be thus deprived of jurisdiction, for after jurisdiction has once attached, reduction of a claim, by either the plaintiff or the defendant, below the requisite jurisdictional amount does not deprive the court of jurisdiction. St. Paul Indemnity Co. v. Cab Co., 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845. The jurisdiction of the District Court is sustained.

On the merits the appellant contends that the court erred in directing a verdict for the insurance company. The directed verdict seems to have been given for the reason that the trial court concluded that it was affirmatively shown that Andrus, the insured, did not cooperate with the company in and about the defense of the suit which was brought against him in the State Court. It is without dispute that Andrus made to the insurance company a false account of how the accident occurred; that he did not disclose the true state of facts until just before the State Court trial; that thereupon counsel for the insurance company, acting upon the advice and direction of the company, declined to defend the suit and withdrew his appearance as counsel for Andrus. If these constituted all the facts, then certainly the court was correct in its ruling on the company's motion for a directed verdict. However, the record further shows that the insured tried in every possible way to settle the case before trial; that he went twice with counsel for the company to the hospital to see Miss Williams, and tried to induce her to sign a release and accept a small sum by way of actual expenses; that failing in this he made several trips to her home after she was out of the hospital and tried to secure settlement of the case; that

he was very much worried, and on one occasion induced Miss Williams to call her attorney and direct him to dismiss the suit out of court; that counsel for Miss Williams insisted that he see her and discuss the case with her after she was able to come to his office for a conference; that she did see him and then refused to dismiss her suit; that Miss Williams never had any discussion with Andrus in which she suggested to him, or had any part in asking him to make any misstatements of the facts of the case; and that she never at any time knowingly made any misstatement of the facts of the case. It further appears that after withdrawal of counsel for the insurance company, Andrus employed counsel, vigorously defended the suit, and offered evidence in his own defense; that after withdrawal of the insurance company's counsel, appellant, through her attorney, offered to settle the case for a stated amount, and requested counsel for the company to consider the offer or make a counter offer of settlement; this he refused to do.

■■ In passing upon cooperation provisions of liability insurance policies, the Supreme Court of Alabama has held that where the insured fails and refuses to cooperate with the company when suit is instituted, the insurer is not liable to respond in damages under its contract, but may withdraw from the case. Moreover, where the evidence is without dispute, and clearly shows a failure of cooperation, it is proper to give a directed verdict for the insurance company. However, where, as here, the evidence is in dispute and permits of conflicting inferences, the question of whether the insured cooperated with the insurer is for the jury, and the burden of proof rests upon the company seeking to show a failure and refusal to cooperate. Employers Ins. Co. v. Brock, 233 Ala. 551, 172 So. 671; Employers Ins. Co. v. Johnston, 238 Ala. 26, 189 So. 58; Metropolitan Casualty Ins. Co. of New York v. Blue, 219 Ala. 37, 121 So. 25. See annotations 72 A.L.R. 1465; 98 A.L.R. 1473; 139 A.L.R. 789. Cf. State Automobile Ins. Co. v. York, 4 Cir., 104 F.2d 730; Pacific Indemnity Co. v. McDonald, 9 Cir., 107 F.2d 446, 131 A.L.R. 208.

■ Under the facts of this case the question of cooperation of the insured was for the jury, and the court erred in directing a verdict for the insurance company.

The judgment is reversed and the cause is remanded for further proceedings consistent herewith.

Reversed and remanded.