Everett **REXFORD**, Appellant,

v.

**ROYAL INDEMNITY COMPANY,**
Appellee.

No. 14814.

United States Court of Appeals
Fifth Circuit.

Sept. 16, 1954.

J. B. Spence, Wm. Clinton Green, Samuel Daniels, Nichols, Gaither, Green, Frates & Beckham, Miami, Fla., for appellant.

S. J. Powers, Jr., T. J. Blackwell, Blackwell, Walker & Gray, Miami, Fla., for appellee.

Before HOLMES and STRUM, Circuit Judges, and THOMAS, District Judge.

HOLMES, Circuit Judge.

This is the second appearance of the above case before this court. On the former appeal, 5 Cir., 197 F.2d 83, 85, the court of appeals reversed the decision of the district court, and remanded the cause for trial on the issue of non-cooperation only. This action originated in the state court of Florida as a garnishment proceeding by appellant against Royal Indemnity Company, the insurer of Florence Tarr, against whom the appellant had obtained a default judgment for personal injuries sustained in an automobile accident. The insurer removed the garnishment proceeding to the court below, where a trial was had which resulted in a verdict and judgment in favor of Everett Rexford. From that final judgment, the insurer appealed to this court, which held that, because of the error in permitting Rexford to re-try the damage suit, the case was not tried fairly on the issue of non-cooperation (the only issue available in the garnishment suit), and that the judgment should be reversed and the cause remanded for trial of that issue uncomplicated by extraneous matter.

Upon remand of the case, the court below, at a pretrial conference, announced that the following issues would be submitted to the jury: (1) "Whether the insurance company, the garnishee, exercised good faith and diligence under the contract in requesting the presence of the insured at the time of the trial," and (2) "whether such absence of the insured was accidental or incidental, if it be established on the first issue that the garnishee exercised all reasonable diligence and good faith in attempting to procure the presence of the insured at the trial."

The case proceeded to trial upon the same evidence as was offered at the first trial except for the excluded testimony relating to the circumstances of the automobile collision. At the conclusion of all the evidence, the court granted appellee's motion for a directed verdict.

Upon the former appeal, on the same evidence, this court said: "We agree with appellant, too, that the case of non cooperation it made out was a very strong one. On the other hand, strong as its evidence was, there was some evidence to the contrary, and we are not able to say as matter of law that, as to the breach of condition eight of the policy, the evidence as a whole demanded a verdict for defendant."

The decision in the former appeal, reported in 197 F.2d 83, became the law of the case and, as this court found at that time that it was not proper for a directed verdict to be granted, a directed verdict upon the same evidence should not now be allowed to stand. We do not have here merely similar evidence or evidence nearly the same, but it is exactly the same. The evidence introduced on the former trial was read into the record on the

second trial. The same depositions were used.

Accordingly, the judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STRUM, Circuit Judge, sat during the oral argument of this case but, due to illness, he took no part in this decision.