**CLARK–WARWICK, INC., Appellant,**

v.

**NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, Appellee.**

No. 18570.

United States Court of Appeals
Fifth Circuit.

June 28, 1961.

Rehearing Denied Oct. 4, 1961.

R. Bruce Jones, William A. Foster, Charles H. Warwick, III, Jones, Adams, Paine & Foster, West Palm Beach, Fla., for appellant.

William H. Pruitt, Earnest, Pruitt, Newell & Schulle, West Palm Beach, Fla., for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, Clark-Warwick, Inc., was a dealer in automobiles in West Palm Beach, Florida. It was the only authorized Oldsmobile dealer in the area. In connection with this business it operated a garage for the servicing and repair of motor vehicles. It procured from the appellee, National Fire Insurance Company of Hartford, a garage liability policy. The policy contained, among the conditions, so-called, of the policy the following provisions:

"When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

The appellant sued on the policy. It asserted that an action had been brought against it in June, 1958, by Samuel MacClurkan claiming that appellant had undertaken but had negligently failed to repair a defective accelerator pedal on an Oldsmobile sedan which Marian MacClurkan, wife of Samuel MacClurkan, had bought from the appellant, with the result that the accelerator stuck and caused Mrs. MacClurkan, who was driving, to lose control of the Oldsmobile, glance off a parked car and strike a palm tree. In the MacClurkan complaint against the appellant he alleged he had sustained severe injuries, physical and mental pain and suffering. The ad damnum of his complaint was $150,000. The appellant, in its complaint against the appellee, asserted that the appellee denied liability and refused to defend or settle the MacClurkan suit. The appellant alleged that it settled the MacClurkan claim and was entitled to recover from the appellee the amount of the settlement, the expense incurred, costs, and attorneys fees.

The appellee claimed that the appellant had failed to give it notice as required by the policy until June 16, 1958, although it had knowledge of and information concerning the accident since November 18, 1955, and that the appellee was prejudiced by the failure to give the timely notice. By a pre-trial stipulation the issues were narrowed to the questions as to whether the appellant breached the provision of the requirement for the giving of notice as soon as practicable, and if so, whether the appellee was thereby prejudiced. It was shown that the appellant had received from Mrs. MacClurkan a letter [1] which

[1]                              "Nov. 14, 1955
"Clark-Warwick Co.
"West Palm Beach, Fla. '
"Gentlemen: I should like to call your attention to an accident I had with my new Olds, purchased from you early in May, and which was obviously caused by a mechanical defect in the accelerator, which became stuck and caused me to lose control. This had happened twice before and Mr. MacClurkan and I were in the car both times. The engine raced furiously but fortunately both times we were on a straight-away with not much traffic and I had time to turn off the motor. This time I was turning to go south on the highway with cars parked along the side and no space to recover and so I ran into a parked car and the curb. Mr. MacClurkan is in the hospital with a broken leg and my friend who was with us has just returned from the hospital with severe damage to her face and mouth necessitating new dentures and glasses.

"Your records should show that this car was returned twice and Mr. Nugent can confirm it because he sold me the car

recited the purchase of the car from appellant, the two unsuccessful efforts to get repairs made by appellant, the accident as a result of the unrepaired defect and the injuries resulting from the defect. The letter closed with the request of Mrs. MacClurkan that the appellant let her know if it did not think Olds had considerable responsibility in the matter. The general manager of the appellant replied. In his reply he acknowledged that Mrs. MacClurkan "had an adjustment" on the accelerator of her car, and said that "Do [sic] to the extent of damage, it would be almost impossible to determine the exact cause of the accident if the cause was mechanical. These facts I am giving you Mrs. MacClurkan because I am sure that Oldsmobile will take no responsibility in the matter."

The court instructed the jury, in substance, that if the appellant had reasonable cause for believing that there had been an occurrence or accident which resulted in substantial injury it was required to give notice to the insurance company within a reasonable time, and if it failed to do so with the failure resulting in prejudice to the insurance company there could be no recovery on the policy. The gist of the instructions requested by the appellant and refused by the court, so far as might be here material, is that the insured is required to report only such occurrence or accident as would lead a reasonable man to believe that it might give rise to a claim for damage. The claims of error are based upon the giving, and the refusal to give, jury instructions. The fundamental issue on the appeal, under the appellant's theory, is whether the test of the duty of an insured to give notice of an injury is to be determined by knowledge of the substantiality of the injury, as charged by the court, or by the reasonable belief that the injury might give rise to a claim for damages.

The difficulty with the appellant's position is that it failed to make objection to the instructions as required by Rule 51, Fed.Rules Civ.Proc., 28 U.S.C.A. The Rule provides that "No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The Court, at the conclusion of its charge, inquired as to whether any instructions had been overlooked and made a further inquiry as to whether counsel desired a further conference on the instructions. The court gave a full charge on the question of notice of the accident and another on the question of prejudice. Since no objections to these charges were made they must be regarded for the purpose of this appeal as being proper statements of the applicable rules of law. Pruett v. Marshall, 5 Cir., 1960, 283 F.2d 436; Seaboard Air Line Railroad Company v. Horowitz, 5 Cir., 1960, 277 F.2d 738; Cain v. Illinois Central Railroad Co., 5 Cir., 1959, 266 F.2d 942, certiorari denied 361 U.S. 886, 80 S.Ct. 158, 4 L.Ed.2d 122; Haugh v. Curlee, 5 Cir., 1959, 265 F.2d 130; De Fonce Construction Co. v. City of Miami, 5 Cir., 1958, 256 F.2d 425, certiorari denied 358 U.S. 875, 79 S.Ct. 115, 3 L.Ed.2d 105; Ford v. United Gas Corporation, 5 Cir., 1958, 254 F.2d 817, certiorari denied 358 U.S. 824, 79 S.Ct. 40, 3 L.Ed.2d 64; Bish v. Employers Liability Assurance Corporation, 5 Cir., 1956, 236 F.2d 62; Travelers Indemnity Co. v. Bengtson, 5 Cir., 1956, 231 F.2d 263; Moore v. Louisville & Nashville Railroad Co., 5 Cir., 1955,

and I took it to him for service. I am inclined to think they did very little to remedy the matter or it would not have happened a third time. I was away for a couple of months after it was last serviced, and forgot about the trouble when I resumed driving. I should not have kept the car and will not drive it again, of course, tho it is being repaired to the extent of $1000.00. It only had 2000 mi. on it.

"I would like to have you review these facts and confirm them and then let me know if you do not think Olds has considerable responsibility in the matter.

"Yours very truly

"Marian MacClurkan."

223 F.2d 214; Atlantic Coast Line Railroad Co. v. Mims, 5 Cir., 1952, 199 F.2d 582; Williams v. Atlantic Coast Line Railroad Co., 5 Cir., 1951, 190 F.2d 744.

There was a charge requested by the appellant on damages. Even though timely and proper objection had been made to the failure to give an instruction on damages, there would have been no prejudicial error in view of the verdict for the appellee.

Nothing disclosed by the record calls for the invoking of the plain error rule.

The judgment of the district court is Affirmed.