**MARYLAND CASUALTY COMPANY, Appellant,**

v.

**Harry H. HALLATT and Mary Valentine Hallatt, Appellees.**

**No. 18485.**

United States Court of Appeals Fifth Circuit.

Oct. 6, 1961.

Rehearing Denied Nov. 8, 1961.

Jackson L. Peters, Miami, Fla., Knight, Smith, Underwood & Peters, Miami, Fla., of counsel, for appellant.

Lawrence G. Ropes, Jr., Coral Gables, Fla., Kelly, Brooks & Ropes, Coral Gables, Fla., of counsel, for appellees.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

JONES, Circuit Judge.

On April 11, 1956, in West Palm Beach, Florida, the appellees, Mr. and Mrs. Hallatt, were passengers in an automobile involved in a collision with another automobile owned and operated by one James

R. Richardson, Jr. Richardson was then a waiter residing in Palm Beach, and was insured by the appellant, Maryland Casualty Company, under a policy of automobile liability insurance which contained the following provisions:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have complied with all the terms of this policy * * *

"Payment for loss may not be required nor shall action lie against the company unless, as a condition precedent thereto, the named insured shall have fully complied with all the terms of this policy * * *"

Under the caption "Conditions," No. 17, "Assistance and cooperation of the Insured" reads as follows:

"The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."

The Hallatts claimed damages for their injuries. Maryland investigated the accident, and secured a written statement from Richardson. The Hallatts filed suit against Richardson, and Maryland undertook the defense of that action. Before the case was finally set for trial on May 18, 1959, some three years after the collision, Richardson had moved to Massachusetts.

Maryland duly and repeatedly notified Richardson of the trial date and requested him to attend. Richardson declined, stating that he had been out of work all of the preceding winter, and had then secured a job painting bridges which paid him $200 per week. Maryland continued to insist on Richardson's attendance, and offered to pay his traveling expenses. On May 9, 1959, Richardson wrote to Maryland, "I shall be unable to make it to Florida as I am working now." Maryland notified Richardson that, if he persisted in his refusal to attend the trial, it would disclaim coverage because of his failure to cooperate. Richardson politely, but adamantly, persisted in his refusal to attend the trial.

Counsel employed by Maryland to defend the suit then moved the court for leave to withdraw as counsel for Richardson. That motion was denied, and the case proceeded to trial. The trial court granted the motion of the Hallatts for a directed verdict as to liability. The jury assessed their damages at a total of $8,-797, for which amount, together with costs of court, judgment was rendered against Richardson. For the collection of that judgment the Hallatts caused a writ of garnishment to be issued against Maryland.

In response to the garnishment, Maryland denied being indebted to Richardson on the ground that Richardson's conduct in failing and refusing to attend the trial of the negligence action brought against him amounted to a breach of Condition No. 17 of the policy, quoted supra. The jury in the garnishment proceeding returned a verdict against Maryland for $9,267.52. From the judgment entered upon that verdict this appeal is prosecuted. Maryland insists that the district court erred: (I) in denying its motion for a directed verdict; (II) in admitting certain evidence; (III) in refusing to give certain instructions to the jury.

The pretrial stipulation provided that:

"The sole issue to be tried is whether or not the assured, James Richard Richardson, has voided the insurance coverage under Policy No. 2–2236179, for violation of the assistance and cooperation clause of the said policy of insurance, as set forth in paragraph 2 of the reply of the garnishee to the plaintiffs' traverse.

\* \* \* \* \* \*

"The following issues of fact, and no others, remain to be litigated upon the trial:

"(A) Maryland Casualty Company contends that the policy of automobile liability insurance was voided by its insured, James Richard Richardson, by violation of the assistance and cooperation clause of the said policy of insurance.

"(B) The plaintiffs contend that the good faith and diligence of the garnishee with respect to the insured and the plaintiffs is an issue of fact to be resolved."

It is not claimed that Richardson failed to cooperate with Maryland from the date of the accident on April 11, 1956, to the time when the negligence case was finally set for trial on May 18, 1959. The claim is that Richardson's refusal to attend the trial was such a breach of the condition as to relieve Maryland of its obligation to pay for the loss.

Maryland put one of its claim agents, Leonard W. Lafferty, Jr., on the stand and by him established that letters had been sent to the insured advising him of the date of the trial, requesting his attendance and offering to advance such sums as might be required to cover expenses of attending the trial. On cross-examination he was asked by counsel for the Hallatts as to whether or not Richardson's testimony would have been helpful. Over objection by Maryland he was required to answer. Maryland's claim manager, Thomas B. Barton, was put on the stand by it to show his efforts in attempting to produce Richardson's presence at the trial. On cross-examination, over objection, he was required to say whether, in his opinion, Richardson's testimony would have been helpful. The answers given to these questions were equivocal. Lafferty said he didn't know and Barton said it would be hard to say.

The objections were made to the testimony on the ground that it was improper to admit evidence for a purpose of showing that the insurance company was not prejudiced in the absence of the insured from the trial. It has been said that:

"While a few courts have taken the view that liability policy clauses requiring the insured to cooperate in the defense of actions under the policy by attending the trial and testifying, where requested to do so, are to be construed strictly and in accordance with their plain terms, so that an insurer may escape liability by merely showing a failure or refusal to attend or testify, it appears to be the view of the great majority of the courts that the lack of cooperation by the insured in failing to attend the trial or testify must be substantial or material, and that a technical or inconsequential lack of cooperation is insufficient to void the policy. Before the insured's failure to attend the trial can be regarded as a material breach of the condition requiring the insured's cooperation, the insurer must show that the lack of cooperation resulted in prejudice to the insurer." 29 A Am.Jur. 588, Insurance § 1479.

In discussing the same question the Court of Appeals for the Seventh Circuit recently stated that a majority of American decisions hold that the failure of an insured person to attend a trial and aid in the defense when a case against him is called for trial, is prejudicial per se. Potomac Insurance Co. v. Stanley, 7 Cir., 1960, 281 F.2d 775. We have no academic interest as to which pan of the scales carries the greater bulk of the precedents. Our task is to determine which of the conflicting rules is the law of Florida.

The earliest of the Florida cases to which our attention is called is United States Fidelity & Guaranty Co. v. Snite, 106 Fla. 702, 143 So. 615. There it appeared that the insured did everything he was requested to do by the insurer. The insured was not present at the trial. He was not asked to be present and the attorneys for the insurers made no effort to notify him at addresses furnished them where he might have been located. The insurer filed a motion for continu-

ance stating that the insured was absent because he had not been informed that the case had been set for trial. The judgment was sustained because it clearly appeared that the insured had not intentionally absented himself from the trial. In the course of the opinion it was observed that it had not been shown that if the insured had been present at the trial he could have rendered any assistance to the insurer. In view of the court's holding that the cooperation clause was not breached because the insured's absence from the trial was not intentional, we do not regard as a ground for decision the comment regarding the failure to show that the insured could have rendered assistance if he had been present. The opinion, as we read it, does not announce a principle that a showing must be made that the presence of the insured would probably have changed the result of the trial. In the Snite case the cooperation clause required the insured to "aid in securing information, evidence and the attendance of witnesses in effecting settlements and in defending suits * * *" and "at all times render to the Company all reasonable co-operation and assistance." The policy did not contain a provision such as is in the policy here which expressly requires the insured to attend hearings and trials. Even if it could be said that prejudice must be shown for an insurer to be relieved of liability for a breach by the insured of a covenant to render cooperation and assistance, it does not follow that the rule would be applicable where the insured breached an undertaking to attend hearings and trials.

In the case of American Fire & Casualty Company v. Vliet, 148 Fla. 568, 4 So.2d 862, 139 A.L.R. 767, the automobile liability policy insured J. R. Battle and his wife. The insured car while being driven by Mrs. Battle was involved in an accident resulting in injuries to Clarence L. Vliet who recovered judgment against the Battles and garnished the insurance company. The Battles had moved from Florida to Georgia, J. R. Battle had be- come insane. Mrs. Battle declared her willingness to go to Florida and render any assistance she could if the insurer would guarantee her expenses. This was not done. The court held that an insured is not required to attend a trial at his own expense, and a failure to do so does not void the policy. The court, in its opinion, stated that the breach of the cooperation clause must be material and the insurer must show substantial prejudice. In this case, as in the Snite case which it cites, the decision was based upon the fact that the absence of the insured was justified. The court's observation as to the need for showing prejudice is, we think, obiter dictum and not a statement of the law of Florida which is binding upon us. The court cited with approval the case of Bauman v. Western & Southern Indemnity Co., 230 Mo.App. 835, 77 S.W.2d 496, where it is shown that it is only an unexcused failure to cooperate which releases the insurer from liability.

The most recent of the Florida cases involving the cooperation clause in automobile liability insurance policies in American Universal Insurance Co. v. Stotsberry, Fla.App., 116 So.2d 482. The appellate court reversed a summary judgment for the insurance company. There was a question as to whether the insured knew that a suit had been brought against him so as to permit a finding of failure to cooperate because he had not been given notice of suit. There was a question as to whether the insurer had denied liability on another ground and, if so, whether such denial would excuse the insured's failure to cooperate. It was contended by the insurer that the insured had absented himself and so became unavailable for appearance at the trial. Citing the Snite and Vliet cases, the court held that there were fact issues as to whether the circumstances of the insured's absence or failure to cooperate were such as to amount to a breach of the cooperation clause. The cause was reversed for a trial of the fact issues.

 It is our belief that the Florida appellate courts have not had before them for decision the question as to whether the unexcused absence of an insured from

a trial, contrary to the express provision of a cooperation clause in an automobile liability policy of insurance, will relieve the insurer from liability without proof that the insurer was prejudiced by the insured's absence. Whatever may have been said in any of the opinions of the Florida courts was not essential to the decision. It was, therefore, mere obiter dictum. See Pell v. State, 97 Fla. 650, 122 So. 110. A federal court in a diversity case, adjudicating a matter arising under state law, has been characterized as "in effect, only another court of the State." Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079, 160 A.L.R. 1231. This being so, a federal court is not bound by a decision which would not be binding upon the courts of the state. King v. Order of United Commercial Travelers, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608, rehearing denied 333 U.S. 878, 68 S.Ct. 900, 92 L.Ed. 1153. The Florida courts have held, on a number of occasions, that the language in a judicial opinion which is not essential to the decision is without force as a precedent. State v. Florida State Improvement Commission, Fla., 60 So.2d 747; Twyman v. Roell, 123 Fla. 2, 166 So. 215; State ex rel. Helseth v. Du Bose, 99 Fla. 812, 128 So. 4; Pell v. State, supra. We conclude that the question as for the need for proving prejudice is not controlled by any of the decisions of the Florida courts.

■ Since we find no authoritative precedent of a Florida court it is appropriate that we be guided by the period decisions of this Court as in effect, another court of the State. Cf. MacGregor v. State Mutual Life Assurance Co., 315 U.S. 280, 62 S.Ct. 607, 86 L.Ed. 846, rehearing denied 315 U.S. 829, 62 S.Ct. 903, 86 L.Ed. 1224. Pertinent to and, we think, decisive of the question under consideration are the two Rexford cases, Royal Indemnity Co. v. Rexford, 5 Cir., 1952, 197 F.2d 83, and Rexford v. Royal Indemnity Co., 5 Cir., 1954, 215 F.2d 693. These cases were appealed from the District Court for the Southern District of Florida and were decided under the law of

Florida. There, as here, the court admitted evidence on behalf of the plaintiff in garnishment for the purpose of showing that the failure to cooperate was not material since under the evidence there was no defense to the suit. Permitting the introduction of this evidence was characterized as retrying the damage suit and improper. In reversing the cause for a new trial, the Court, in the first Rexford case, held that the failure of an insured to attend trial would be material noncooperation. The Court quoted with approval from Cameron v. Berger, 132 Pa.Super. 484, 1 A.2d 529, 533, where it was said, "The very fact that defendant was absent without explanation and could not be secured was prejudicial to garnishee's rights and would have had a material effect on the verdicts." The Court approved the following statement from Glens Falls Indemnity Co. v. Keliher, 88 N.H. 253, 187 A. 473, 476, "Every person familiar with the trial of cases by jury knows that the case of an individual defendant is seriously, if not hopelessly, prejudiced by his absence from the trial." This Court commented that the cited cases from Florida were to no different effect than those from which it quoted.

The case of Cameron v. Berger, supra, from which this Court quoted in the Rexford opinion, was affirmed by the Supreme Court of Pennsylvania. Cameron v. Berger, 336 Pa. 229, 7 A.2d 293. The Court of Appeals for the Seventh Circuit in Potomac Insurance Company v. Stanley, supra, where Indiana law controlled in a diversity case, quoted at length from the first Rexford case and followed the holding of this Court that failure of an insured to attend a trial would be prejudicial noncooperation. In the opinion of the Seventh Circuit it said:

"We think the majority view, that the failure of an insured person to attend a trial and aid in the defense when a case against him is called for trial, is per se, prejudicial, is consistent with the established principle of Indiana law that one who would seek to enforce a contract for his

benefit must show that he has performed all conditions on his part required to be performed as a condition precedent to his right." 281 F. 2d 775, 781.

The Florida law, like that of Indiana, requires that performance of conditions precedent, or a valid excuse for nonperformance, must be made to appear. Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421. The rule announced in the Rexford opinion seems to be the law of Arkansas where the District Court for the Western District of Arkansas cited and followed the Rexford decision. Roberts v. Commercial Standard Insurance Co., 138 F.Supp. 363.

■ While insurance contracts are to be liberally construed in favor of the insured, yet such contracts are subject to the same rules of construction applied to other contracts, and language used in a policy of insurance is to be given its popular and usual significance unless the context requires a different construction. Aetna Casualty & Surety Company v. Cartmel, 87 Fla. 495, 100 So. 802, 35 A. L.R. 1013; 18 Fla.Jur. 84, Insurance §§ 91, 92. The Supreme Court of Florida has considered the effect of conditions relieving an insurance company of liability and in so doing took occasion to say:

"In Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, text 392, 45 South. 761, text 787, we said: 'All parties litigant who are sui juris, whether railroad corporations or their employees, in the eyes of the law, before the courts, stand upon an equal footing, entitled to equal rights and protection and none to special privileges.' We would now add insurance companies and the insured, and that the persons insured, like railroad employees, cannot be said 'to be wards of the court.' We also held in the cited case, as in Scotch Mfg. Co. v. Carr, 53 Fla. 480, 43 South. 427, that parties are free to make what contracts they please, so long as no fraud or deception is practiced and there is no infraction of law. We further held that the fact that

one of the parties made a rather hard bargain would not avoid the contract. This being true, and the plaintiff having accepted a policy from the defendant with such a clause or condition of the contract therein, why should not the defendant have the legal right, in an action brought against it on such policy, to base its defense on such provision?" Southern Home Insurance Co. v. Putnal, 57 Fla. 199, 49 So. 922, 930.

Why, too, should not Maryland Casualty Company have the right to be relieved from liability because of the failure of the insured to attend the trial without having to show that it was prejudiced?

The word "prejudice" is one of different meanings. As used here it means that the insurer is hurt or injured in that it is less able to resist a claim against its insured by defeating recovery or reducing the award of damages. Long v. Brown, 64 Idaho 39, 128 P.2d 754; Itzkowitz v. Finer & Bachrach, 218 App.Div. 440, 218 N.Y.S. 272. Whether or not the testimony of the insured would be beneficial to the defense, his presence at the trial would justify the jury's belief in his faith in the defense, as noted in Rexford, supra, and, as pointed out by the Sixth Circuit:

"His failure to be present in defense of the claim can have an intangible effect upon the jury both as to the question of liability and the amount of the verdict, the net effect of which is difficult to measure. Unexpected developments in the plaintiff's evidence might be offset by an explanation on the part of the insured. Inaccurate or exaggerated testimony at the time of the trial may be prevented or held to a minimum by the mere presence of the insured." Beam v. State Farm Mutual Automobile Insurance Co., 6 Cir., 1959, 269 F.2d 151, 154.

The court cited, in support of the quoted statement, Bauman v. Western & Southern Indemnity Co., supra, which was approved in the Vliet case. The Bauman case was also cited and relied upon in

Fischer v. Western & Southern Indemnity Co., Mo.App., 106 S.W.2d 490, from which this Court quoted in the Rexford case.

Our conviction that the courts of Florida would not require a showing of prejudice to an insurer in order that it might be relieved of liability by breach of the insured's duty to attend the trial is strengthened by the decision of the Florida District Court of Appeal in State Farm Mutual Automobile Insurance Co. v. Ranson, Fla.App., 121 So.2d 175, decided in 1960. The condition which was breached by the insured was the clause requiring the giving of notice of accident as soon as practicable. The court took notice of the conflict of the authorities on the question as appeared in the annotation at 18 A.L.R.2d 443, 479. It was held that since the policy contained a provision that no action should lie against the insurance company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of the policy, the question of prejudice became immaterial once it became established that the notice was not given as soon as practicable. The policy before us contains a clause identical with the clause in the Ranson case to the effect that compliance with policy requirements is a condition precedent to recovery. We see no logical reason for a different rule where the breach is one of the clause providing for notice than in a case where there is an unjustified absence from the trial. We conclude that under the law of Florida, prejudice need not be shown.

Since the question of prejudice was not a proper issue the court's admitting, over objection, of evidence on the question was error, and for that error the judgment must be reversed. The insurance company attempted, by evidence, to show that it had been prejudiced but by doing so it did not waive its objections to the evidence offered by the garnishor which was improperly admitted. 1 Wigmore on Evidence, 3rd Ed. 345, § 18. Cf. Louette v. State, 152 Fla. 495, 12 So.2d 168. The insurance company did not preserve objections to the court's instruc-

tions as to the necessity for proof of prejudice. See Clark-Warwick, Inc. v. National Fire Insurance Co., 5 Cir., 1961, 291 F.2d 828, and cases there cited. However, since the case was tried on an erroneous theory of law and evidence under that theory was received over objections, we do not need to reach the specification of error relating to instructions.

One of the issues in the district court was whether Maryland had exercised good faith and diligence in making efforts to procure the attendance of Richardson at the trial, and the Hallatts contended that the evidence supported their contention that good faith and diligence were not shown. There was some evidence from which it might have been inferred that Maryland was hoping it could use the noncooperation of Richardson as a basis for disclaiming liability. The insurer must exercise good faith and diligence, but if it does so and is unsuccessful in its efforts, it will not be precluded for disclaiming liability because of its desire to be released. 6 Blashfield, Cyclopedia of Automobile Law and Practice, Perm.Ed. 74, § 4059. So too, must the insured use good faith. If he is to be absent from the trial and the absence is to be successfully asserted as a breach of the policy, it must be shown that the absence was intentional and without legal excuse or justification. United States Fidelity & Guaranty Co. v. Snite, supra. There may be an issue as to whether, as said in the first Rexford case, the absence was accidental or incidental. 197 F.2d 83, 86.

In the usual case the question as to whether there has been an unjustified refusal to attend a trial so as to relieve the insurer of liability is one of fact for the jury. United States Fidelity & Guaranty Co. v. Snite, supra; American Fire & Casualty Co. v. Vliet, supra; American Universal Insurance Co. v. Stotsberry, supra. If, however, the evidence is without dispute and clearly shows a failure to cooperate, a directed verdict should be granted for the insurer. State Farm Mutual Automobile Insurance Co. v. Ranson, supra; Williams v. Em-

ployers Mut. Liability Ins. Co. of Wisconsin, 5 Cir., 1942, 131 F.2d 601. See also Associated Indemnity Corporation v. Davis, 3 Cir., 1943, 136 F.2d 71. Although the failure of the insured to attend a trial is, as a matter of law in Florida, prejudicial to the insurer, we think that, on the issues of the good faith and diligence of Maryland and the excuse or justification of Richardson for nonattendance, questions for the jury were present.

On the question of the failure of an insured to comply with a cooperation clause, the burden of proof is cast upon the insurer to establish the facts showing the breach by the insured. United States Fidelity & Guaranty Co. v. Snite, supra; Williams v. Employers Mutual Liability Insurance Co., supra. But the insurer is required to do no more than to show that it exercised good faith and diligence in an effort to procure the attendance of the insured at the trial and that the insured did not attend. It is not required to anticipate and negate all of the excuses and reasons that might justify the nonattendance of the insured. If, counsel has suggested, Richardson might have jeopardized his job by leaving it to attend the trial, but that he might have attended at a later date, this might have justified his breach of the policy provision. Cf. State Farm Mutual Automobile Insurance Co. v. Palmer, 9 Cir., 1956, 237 F.2d 887, 60 A.L.R.2d 1138. If this was so, or if other excuse or justification existed for Richardson's absence from the trial, the burden of establishing it rested upon the Hallatts. 1 Jones on Evidence, 5th Ed. 375 et seq., § 207; Grand Assembly, etc., v. New Amsterdam Casualty Co., Fla.App., 102 So.2d 842.

Since the case was tried on an erroneous theory of law as to the necessity of proof by Maryland that it was prejudiced by the absence of Richardson from the trial the judgment must be reversed. Since there are fact issues that the trier of fact should determine, the cause will be remanded for a new trial.

Reversed and remanded.

RIVES, Circuit Judge (dissenting).

Richardson's liability to respond in damages for the injuries which he had inflicted on Mr. and Mrs. Hallatt was fully covered by insurance on the date of the collision, April 11, 1956, and remained so protected for more than three years. Richardson declined to come from Massachusetts to Florida to attend the trial, stating that he had been out of work all of the preceding winter, and had then secured a job painting bridges which paid him $200 per week. There was no proof that Richardson could give any testimony beneficial to the defense of the negligence action. There had been no effort to take his deposition. The evidence of Richardson's liability was such that the trial court directed a verdict for the Hallatts on that issue. The Hallatts got a judgment against Richardson for $8,797. Maryland Casualty Company refuses to pay that amount to the Hallatts because it says that Richardson breached the condition of the policy providing for "Assistance and Cooperation of the Insured": "The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits." The district court admitted evidence, over Maryland's objection, from which the jury might, and probably did, determine that Richardson's mere presence at the trial was not material, and that his failure to attend was not prejudicial to the defense of the action. The majority holds that the failure of the insured to attend the trial in Florida is prejudicial to the insurer as a matter of law, and hence that the question of prejudice was not a proper issue for the jury. I agree with the district court.

Automobile liability insurance supplies a highly important social need. Without it few of the drivers on our highways could respond in damages to the victims of their negligence. Some of the States have recognized the social need by enacting compulsory automobile liability in-

surance laws. Many more encourage the taking of liability insurance by financial responsibility laws, or by other means. That social need should be kept in mind by the courts, especially in a case like this, where the liability insurer admits coverage on the date of the injury but claims a defense arising more than three years thereafter because of conduct of its insured, in which the injured persons had no part. In such cases, the courts will, of course, accord to the liability insurer all legally sufficient defenses, but they should, I submit, be slow to recognize technical defenses or those which are not really substantial.

In differing with the learned district judge, my brothers find that there is no case in point from the Florida appellate courts: "Whatever may have been said in any of the opinions of the Florida courts was not essential to the decision. It was, therefore, mere obiter dictum." I disagree.

In the first place, I do not agree with my brothers that every statement in an opinion not essential to the decision is mere obiter dictum. For example, in Parsons v. Federal Realty Corporation, 1932, 105 Fla. 105, 143 So. 912, 920, 88 A.L.R. 275, the Florida Supreme Court said: "Two or more questions properly arising in a case under the pleadings and proof may be determined, even though either one would dispose of the entire case upon its merits, and neither holding is a dictum, so long as it is properly raised, considered, and determined."

The rule of the Supreme Court of the United States is to like effect:

"Of course, where there are two grounds, upon either of which the judgment of the trial court can be rested, and the appellate court sustains both, the ruling on neither is *obiter*, but each is the judgment of the court, and of equal validity with the other. Whenever a question fairly arises in the course of a trial, and there is a distinct decision of that question, the ruling of the court in respect thereto can, in no just sense, be called mere dictum."

Union Pacific R. Co. v. Mason City & Ft. D. R. Co., 1905, 199 U.S. 160, 166, 26 S. Ct. 19, 20, 50 L.Ed. 134.

In State Roads Commission v. Johnson, 222 Md. 493, 161 A.2d 444, it was held that where the court's statement was germane and may have been intended to guide the trial court upon retrial of the case, the statement was not dictum.

Let me re-examine the cases from the Florida appellate courts to show why I disagree with my brothers' holding that the pertinent statements in those cases are mere obiter dicta.

In United States F. & G. Co. v. Snite, 1932, 106 Fla. 702, 143 So. 615, 616, the liability insurer defended on the ground that its insured had violated the condition of the policy requiring his cooperation in defending the suit. The insured had been absent from the trial of the damage suit. In the course of its opinion, the Supreme Court of Florida said: "Neither is it shown that, if Scocos had been present at the trial, he could have rendered any assistance to the surety company in connection therewith which would probably have changed the result of that trial." My brothers dismiss that statement as mere dictum, saying: "In view of the court's holding that the cooperation clause was not breached because the insured's absence from the trial was not intentional, we do not regard as a ground for decision the comment regarding the failure to show that the insured could have rendered assistance if he had been present." With deference, I submit that my brothers have misapprehended the holding of the Florida Court. While it made the statement which my brothers paraphrase, that Court did *not* itself hold that the cooperation clause had not been breached, but merely held that the jury was warranted in reaching that conclusion. To make that clear, at the risk of repetition, I quote somewhat fully:

"The record fails to show any bad faith on the part of Scocos in connection with his absence from the trial. Neither is it shown that, if Scocos had been present at the trial, he could have rendered any assistance to the

surety company in connection therewith which would probably have changed the result of that trial. The record affirmatively shows by the allegations of the motion for continuance above referred to, and by which allegations the surety company was bound, that Scocos had not intentionally absented himself from that trial.

"The question of whether or not Nicholas Scocos violated the condition of the liability policy above referred to in such manner as to relieve the surety company of liability on its policy became a question of fact for the jury to determine, the burden of proof being on the surety company to show that such condition of the policy had been so violated. See Taxicab Motor Co. v. Pacific Coast Casualty Co., etc., 73 Wash. 631, 132 P. 393; U. S. Fidelity & Guaranty Co. v. Williams, 148 Md. 289, 129 A. 660; U. S. Casualty Co. v. Drew (C.C.A.) 5 F.(2d) 498.

"The jury resolved this question against the surety company. The evidence warranted that conclusion." 143 So. at page 616.

The failure to prove that the insured's absence from the trial prejudiced the defense of the case was *one* of the reasons which led the Florida Supreme Court to hold that the jury was warranted in resolving the question against the insurance company. True, it was one of several such reasons. It seems clear to me that the pertinent statement in the Snite case is not dictum, but is a part of the ratio decidendi. See Parsons v. Federal Realty Corporation, supra; Union Pacific Co. v. Mason City Co., supra.

My brothers next undertake to differentiate the Snite case because the cooperation clause in the present case is more specific in requiring the insured to attend hearings and trials, saying: "The policy did not contain a provision such as is in the policy here which expressly requires the insured to attend hearings and trials. Even if it could be said that prejudice must be shown for an insurer to be relieved of liability for a breach by the insured of a covenant to render cooperation and assistance, it does not follow that the rule would be applicable where the insured breached an undertaking to attend hearings and trials."

With deference, I submit that the attempted distinction is not warranted. Under the present policy, the insured's duty to attend hearings and trials is simply a part of his broader duty to cooperate. (See the condition for "Assistance and Cooperation of the Insured," heretofore quoted.) Assuming that there could otherwise have been some doubt about the proposition, the policy made definite that the required assistance and cooperation include the insured's attending the trial upon the insurer's request. There is, however, no indication that the effect of nonattendance is any different from the effect of any other failure to assist and cooperate. The Florida Supreme Court held in the Snite case, supra, that the jury, in determining the question of whether the insured had violated the condition of a liability policy requiring him to "aid * * * in defending suits" and to "render to the Company all reasonable cooperation and assistance," could consider the lack of proof that the insurer was prejudiced by his absence from the trial. The rule should not be different because the policy spells out the already obvious fact that cooperation includes the insured's compliance with the insurer's request to attend the trial. Under either provision, the failure to cooperate is not material unless it is prejudicial to the insurer.

In the case of American Fire & Casualty Co. v. Vliet, 1941, 148 Fla. 568, 4 So.2d 862, 863, the Court did hold as a matter of law that the insured did not violate the cooperation clause when she failed to come to court from a distant city at her own expense, and I would concede that its statement about the necessity of proving prejudice was dictum. It was nonetheless a clear and well-considered statement of the law of Florida, viz.: "The rule is that to constitute the breach of such a policy the lack of cooperation

must be material and the insurance company must show that it was substantially prejudiced in the particular case by the failure to cooperate."

That statement was quoted approvingly by the Third District Court of Appeals of Florida in American Universal Insurance Co. v. Stotsberry, 1959, 116 So.2d 482, 484. That Court reversed a summary judgment against the liability insurer, and remanded the cause for further proceedings. The quotation was obviously intended to guide the trial court in determining "whether the circumstances of Lorenzo's absence or non-cooperation were such as to amount to a breach of the co-operation clause of the policy under the facts of this case." As such, the statement should not be reduced to the level of a "mere dictum" on the part of the appellate court. See State Roads Commission v. Johnson, supra. Nor can any attempted distinction be drawn as to the wording of the cooperation clause, for it was the same in that case as in this. See 116 So.2d 483, note 2.

Let me go further, and assume *arguendo* that my brothers are correct in holding that all three statements of the Florida appellate courts are dicta, what then? Are the statements to be wholly disregarded, as the majority opinion would seem to indicate? The Florida cases cited in that opinion go no further than to hold that dictum "is not controlling" in a subsequent case. State v. Florida State Improvement Commission, 1952, 60 So.2d 747, 750. The rule in Florida appears no different than that in other common-law jurisdictions, that dictum by the highest court of the jurisdiction or by an appellate court, while not controlling, is entitled to respectful consideration. 21 C. J.S. Courts § 190, pp. 313, 314. My brothers themselves made a clear statement of the true rule in an extremely recent case: "If as dicta the statements are to be treated, they must nevertheless be regarded as considered and repeated dicta, and therefore highly persuasive of the correctness of the Commission's decision." Mississippi Valley Gas Co. v. Fed-

eral Power Commission, 5 Cir., 1961, 294 F.2d 588, 591 (per Jones, Circuit Judge; Tuttle, Chief Judge, and Cameron, Circuit Judge, concurring). An immediate example is supplied by the Florida appellate court in the Stotsberry case following the dictum of the Supreme Court of that State in the Vliet case. This Court, as "in effect, only another court of the State," [326 U.S. 99, 65 S.Ct. 1469] should, I think, do likewise.

As was said in West v. American T. & T. Co., 1940, 311 U.S. 223, 236, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139:

"A state is not without law save as its highest court has declared it. There are many rules of decision commonly accepted and acted upon by the bar and inferior courts which are nevertheless laws of the state although the highest court of the state has never passed upon them. In those circumstances a federal court is not free to reject the state rule merely because it has not received the sanction of the highest state court, even though it thinks the rule is unsound in principle or that another is preferable. State law is to be applied in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule, however superior it may appear from the viewpoint of 'general law' and however much the state rule may have departed from prior decisions of the federal courts. See Erie Railroad Co. v. Tompkins, supra, 78 [304 U.S. 64, 78, 58 S.Ct. 822, 82 L.Ed. 1188]; Russell v. Todd, supra, 203 (sic) (309 U.S. 280, 293, 60 S.Ct. 527, 84 L.Ed. 754]."

Professor Moore collects the pertinent authorities in 1 Moore's Federal Practice, 2nd ed., p. 3312, in support of his text that:

"The obligation to accept local law extends not merely to definitive decisions, but to considered dicta as

well, and if explicit pronouncements are wanting, the federal court should endeavor to discover the law of the state on the point at issue by considering related decisions, analogies, and any reliable data tending convincingly to show what the state rule is."

Surely expressions to like effect in the opinions of two State Supreme Court Justices concurred in by their colleagues, and still further in an opinion of a State Appellate Court Judge concurred in by his colleagues, must rank *at least* as "considered dicta" to be used along with any other relevant data to ascertain state law.

By what seems to me to be a kind of bootstrap operation, my brothers consider themselves bound by two cases from this same federal Court of Appeals: "Pertinent to and, we think, decisive of the question under consideration are the two Rexford cases, Royal Indemnity Co. v. Rexford, 5 Cir., 1952, 197 F.2d 83, and Rexford v. Royal Indemnity Co., 5 Cir., 1954, 215 F.2d 693."

The careful annotator in 60 A.L.R.2d 1151 observed that this Court in Royal Indemnity Co. v. Rexford, 1952, 197 F.2d 83, "approved, arguendo, the statement that the very fact that an insured is absent from the trial without explanation is prejudicial to the rights of the insurer and has a material effect upon the verdict." I agree with the annotator that that part of the opinion was dictum. The decision was expressly stated to be "because of the error in permitting the plaintiff to retry the damage suit, the case was not fairly tried on the issue of non cooperation." This Court stated unequivocally that "there is no doubt that, under all the authorities, the non coopera-

tion must have been material." 197 F.2d at page 86. Further, the Court expressly denied any intention to direct the rendition of a verdict.

"The case is a very close one as to whether there should not have been an instructed verdict in favor of the insurer on the ground that the insured failed as matter of law to cooperate, but we have concluded that the judgment should not be reversed and rendered on that issue."

197 F.2d at page 86. Upon remand, nevertheless, the district court did just that, and upon second appeal this Court again reversed, stating that "the decision in the former appeal, reported in 197 F.2d 83, became the law of the case and, as this court found at that time that it was not proper for a directed verdict to be granted * * *." Rexford v. Royal Indemnity Company, 5 Cir., 1954, 215 F.2d 693, 694.

The Rexford cases appear to me to support the rulings of the district court in the present case, if effect be given to their actual holdings rather than to dictum. Certainly, to my way of thinking, the cases of U. S. F. & G. Co. v. Snite, supra, and American Universal Insurance Co. v. Stotsberry, supra, are *decisions* binding upon this Court under the Erie doctrine. Under all of the Florida cases which have either passed upon or discussed an insured's breach of the cooperation clause or condition, I submit, the injured person may show lack of prejudice to the insurer and that the failure of the insured was immaterial and unsubstantial and, hence, not a breach of the cooperation clause within the fair intendment and purpose of that clause. I think that the judgment should be affirmed, and therefore respectfully dissent.