In the Matter of B & B MECHANICAL CONTRACTORS, INC., Debtor.

B & B MECHANICAL CONTRACTORS, INC., Plaintiff,

v.

HUNT BROTHERS CONSTRUCTION, INC., Defendant.

Bankruptcy No. 80–613.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

April 15, 1981.

Daniel P. Rock, Holiday, Fla., for B & B Mechanical Contractors, Inc.

Michael A. Smith, Clearwater, Fla., for Hunt Brothers Construction, Inc.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is an action by B & B Mechanical Contractors, Inc. (B & B), who seeks to recover from Hunt Brothers Construction, Inc. (Hunt Brothers), the defendant, the sum of $37,-799.41. B & B claims that it is entitled to said sum by virtue of an agreement heretofore entered into by the parties.

The factual background of this controversy, which is relevant to the matter under consideration may be summarized as follows:

William Brock, a former employee of Hunt Brothers, left Hunt Brothers after several years of employment and decided to go into business and formed B & B, the plaintiff involved in this adversary proceeding. At the time relevant to this controversy, B & B was engaged by Hunt Brothers, a general contractor, to perform sub-contract work on several projects, installing heating and air conditioning systems.

Prior to the completion of the contract, a dispute developed between B & B and Hunt Brothers. As a result, B & B filed a five count complaint in State Court against Hunt Brothers and sought to recover monies for work performed. Hunt Brothers filed a counterclaim and sought damages it allegedly suffered as a direct result of B & B's poor workmanship and performance.

During the pendency of the State Court suit, the parties agreed to settle the case and entered into a joint stipulation. Ac-

cording to the stipulation, each party agreed to dismiss its cause of action against the other. Hunt Brothers agreed to make payments on a per unit basis to B & B in accordance with a schedule attached to the stipulation. Paragraphs 9 and 10 of the agreement provided, however, that Hunt Brothers would only make the payments, per unit, if B & B procured the tenant's acceptance signed only in the presence of Mr. Bill Bradham or other designee of Hunt Brothers.

It is without dispute that although some of the tenant acceptance forms were signed, none were signed in the presence of Mr. Bradham or any other Hunt Brothers designee. The record further reveals that while some of the acceptance forms were actually signed they were improper because they were not signed by the tenant or by an authorized agent of the tenant.

It is the contention of Hunt Brothers that the requirement of having a corporate representative present at the signing by the tenant is a material covenant in the parties agreement which was expressly added to the agreement to insure that Hunt Brothers would not be exposed to future liability due to work improperly performed by B & B. Accordingly, so contends Hunt Brothers that the duty to procure the appropriate tenant acceptances was a condition precedent to its duty to make payments per the agreed schedule.

B & B contends, on the other hand, that it may recover on the contract under a theory of substantial performance, in spite of the fact that it failed to satisfy the condition precedent.

The Court heard argument of counsel for the respective parties, considered the record, and is of the opinion that the contention of Hunt Brothers is supported by law and, therefore, B & B is not entitled to recover on its contract under the doctrine of substantial performance. This is so, because this Court is satisfied that the initial contract, which was a construction contract, was modified and superseded by the parties joint stipulation and therefore the more liberal principles of substantial performance generally applicable to construction con-

tracts are no longer controlling here. The result is that a material covenant which is a condition precedent must first be performed before the other party's duty to perform arises. *Hamilton v. Title Insurance Agency of Tampa,* 338 So.2d 569 (Fla. 2nd DCA 1976); cf. *Maryland Casualty Company v. Hallatt,* 295 F.2d 64, 70 (5th Cir. 1971).

While this Court is satisfied that B & B cannot recover on the contract, it would be clearly inequitable to permit Hunt Brothers to derive a windfall and to gain the benefit of the work actually performed by B & B and not paying for it. Therefore, even though B & B did not put on any evidence, in the posture that this case was tried, B & B should be given an opportunity to present evidence which may or may not entitle it to recover on a quantum meruit or unjust enrichment theory.

Accordingly, this Court is satisfied that Counts I and II of the complaint which seek to recover on a contractual theory should be dismissed, and leave should be granted to permit B & B Mechanical Contractors, Inc. if it is so deemed to be advised, to file a motion for rehearing and put on additional evidence which might permit either a recovery under the theory of quantum meruit or unjust enrichment.

A separate final judgment will be entered after the matters presented have been fully resolved.