UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation organized and existing under the laws of the State of Maryland, Garnishee, *Plaintiff in Error*, vs. MARY LORETTO SNITE, by FRED V. SNITE, her next best friend, *Defendant in Error*.

143 So. 615.

Division A.

Opinion filed September 17, 1932.

*Miller, McKay, Dixon & DeJarnette,* for Plaintiff in Error;

*Snedigar & Baya,* for Defendant in Error.

BUFORD, C.J.—This case comes to us to review a judgment in favor of the defendants in error against the plaintiff in error entered in the Circuit Court in and for Dade County. Defendants in error maintained suit in Dade County against Nick and Sadie Scocos for injury alleged to have been suffered by reason of a collision with an automobile operated by Nick Scocos, on which automobile the plaintiff in error here at that time was bound on an automobile liability policy. The plaintiffs in that suit procured judgment against the defendants therein in the sum of $25,000.00. The automobile liability policy covered the loss to the extent of $5,000.00. The record in the first suit was introduced in this suit in which the defendant insurance company pleaded not indebted.

It is contended here that the judgment in favor of the defendants in error in the court below should be reversed, first because Scocos violated the conditions of the liability policy as contained in section 5, paragraph "b" thereof, as follows:

"Whenever requested by the Company, the Assured shall aid in securing information, evidence and the attendance of witnesses in effecting settlements and in defending suits hereinbefore referred to. The Assured shall at all times render to the Company all reasonable co-operation and assistance."

in that the insured failed to render to the Company all reasonable co-operation and assistance in connection with the trial of the case in the Circuit Court. The record

shows that the surety company undertook the defense of that suit under the terms of its policy; that the insured gave to the attorneys of the surety company the information upon which the defense in the suit was to be made and furnished these attorneys with the names of the witnesses who were present in the automobile with the insured at the time the accident occurred, which accident was the basis of the cause of action. So far as the record shows, the insured did everything that he was requested to do by the surety company or its attorneys. A few days before the case came up for trial attorneys for the surety company tried to get in touch with the insured so as to prepare for the trial. They failed to get in touch with the insured and, so far as the record discloses, made no effort to get in touch with the witnesses whose names had been furnished them by the insured.

The motion for continuance was filed when the case was called for trial and in that motion attorneys employed by the surety company to defend that case said:

"That the said Nicholas Scocos is not absent for the purpose of delaying this cause, but is absent because of the fact that he has not been apprised of the fact that said cause is set for trial;"

It was shown by a witness introduced at the trial of the instant case in behalf of the plaintiff that the witness Ross Williams about three days prior to the trial informed one of the attorneys for the surety company, using information contained in Williams' files, both the New York address, 5450 Fifty-fifth St., and the Miami address, 918 Ocean Drive, Miami Beach, of Nick Scocos.

The record does not show that the attorneys for the surety company made any effort to reach Scocos at the New York address given them by Williams.

The record fails to show any bad faith on the part of Scocos in connection with his absence from the trial.

Neither is it shown that if Scocos had been present at the trial he could have rendered any assistance to the surety company in connection therewith which would probably have changed the result of that trial. The record affirmatively shows by the allegations of the motion for continuance above referred to, and by which allegations the surety company was bound, that Scocos had not intentionally absented himself from that trial.

The question of whether or not Nicholas Scocos violated the condition of the liability policy above referred to in such manner as to relieve the surety company of liability on its policy became a question of fact for the jury to determine, the burden of proof being on the surety company to show that such condition of the policy had been so violated. See Taxicab Motor Co. vs. Pacific Coast Casualty Co., etc., 73 Wash. 631, 132 Pac. 393; U. S. Fidelity & Guaranty Co. vs. Williams, 148 Md. 286, 129 Atl. 660; U. S. Casualty Co. vs. Drew, 5 Fed. (2nd series) 498.

The jury resolved this question against the surety company. The evidence warranted that conclusion.

The other contention made is that in this case the defendants in error, plaintiffs in the court below, failed to establish the identity of the automobile driven by Scocos and involved in the accident as the automobile covered by the policy. We think that this position is not tenable. We first observe that the introduction of the policy was not objected to and unless defendant conceded that the policy offered in evidence applied to the automobile in the accident the proper practice would have been to have objected to the introduction of that policy. Aside from this, however, the record shows that the surety company recognized its liability on this policy by defending the suit for damages for the injury alleged to have been occasioned by the collision with the

automobile driven by Scocos. In Bashfield's Encyclopedia of Automobile Law, Annotated, Vol. 2, page 1615, section 19, the author says:

"While the burden is upon the plaintiff suing for injuries caused by the alleged negligence of an automobile driver to establish the identity of the machine causing the injury to the satisfaction of the jury, he is not required to do an impossible thing, but only to produce such evidence as will satisfy the minds of an intelligent jury of such identity."

This statement of the author is supported by the opinion in the case of Dowling et ux. vs. Roberts, et al., from the Supreme Court of Pennsylvania, reported 83 Atlantic 600. We think the evidence sufficiently identified the automobile as the one covered by the policy.

We have considered the other assignments of error but find no ground for reversal.

The judgment should be affirmed and it is so ordered. Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.