AMERICAN FIRE AND CASUALTY COMPANY, a Florida Corporation, v. CLARENCE L. VLIET
4 So. (2nd) 862
Division B
Opinion Filed November 25, 1941
Rehearing Denied December 20, 1941

*Leland B. Featherstone,* for Plaintiff in Error;
*McKay, Dixon & DeJarnette, Roger Edward Davis*
and *Ray M. Watson,* for Defendant in Error.

TERRELL, J.—In December, 1930, appellant through its predecessor issued its automobile indemnity policy in favor of J. R. Battle and his wife of Miami, Florida. The policy agreed to indemnify the Battles against loss resulting directly from the ownership or use of any automobile described therein on account of damages imposed by law upon either of them. The policy also provided that the assured shall without compensation aid the insurer in securing information, defending any suit or suits, attending trials, prosecuting appeals, and that failure to render such service shall void the policy.

In June, 1931, one of the cars covered by the policy while being driven by Mrs. Battle was involved in an accident with Clarence L. Vliet, who recovered a judgment against the Battles for $7,500. Vliet accordingly garnisheed the plaintiff in error wherein he secured a verdict and judgment against it. Motion for new trial was denied and writ of error was prosecuted.

Numerous questions are posed but the vital one is whether or not the policy was voided because the Battles failed to attend the garnishment trial and aid the garnishee in securing information and in giving such other assistance as the contract of insurance contemplates.

The record discloses that the Battles were living out of State at the time of the trial, some 750 miles from Miami, where it took place. It is also shown that Mr. Battle had gone insane and that Mrs. Battle proffered her services to go to Miami and render every assistance possible if the garnishee would guarantee her expense going and returning. It is shown that she rendered every assistance possible up to the time she left Miami.

The rule is that to constitute the breach of such a policy the lack of coöperation must be material and the insurance company must show that it was substantially prejudiced in the particular case by the failure to coöperate. The fact that the assured moved out of the jurisdiction of the court without show of evasion and did not refuse to testify or to aid insurer otherwise but merely failed to come to court at his own expense does not void the policy. 72 A.L.R. 1456; United States Fidelity and Guaranty Co. v. Snite, 106 Fla. 702, 143 So. 615; Huddy Encyclopedia of Automobile Law (9th Edition) Volumes 13-14, paragraph 298, page 378. These authorities also support the view that whether or not these conditions are all met by the insurance company is one for the jury to settle.

Courts have uniformly construed clauses like the one in question to mean that the assured must attend trial without pay for lost time. It does not require that he attend at his own expense. Such provisions should be construed to give the assured the protection they were designed to give. To follow the contention of the plaintiff in error would place power in the insurance company to avoid all policies of this kind. Bauman v. Western and Southern Indemnity Company, 230 Mo. App. 835, 77 S. W. (2nd) 496.

The record shows that Mrs. Battle had no money to go to Miami to attend the trial and when this is the case, she had a right to demand her expenses in advance. Hoff v. St. Paul Mercury Indemnity Company, 74 Fed. (2nd) 689. Likewise it was not essential that the Battles discharge the judgment secured against them by Vliet before the latter instituted the garnishment proceedings against the insurance company.

Michele v. American Fire and Casualty Co., 82 Fed. (2nd) 583.

Other questions have been examined but we find no reversible error nor do we find any violation of their contract on the part of the Battles that would void the policy. The judgment below is therefore affirmed.

BROWN, C. J., CHAPMAN and THOMAS, J. J., concur.