116 So.2d 482 (1959)
AMERICAN UNIVERSAL INSURANCE COMPANY, a Rhode Island Corporation, Appellant,
v.
Linda Moore STOTSBERRY, Appellee.
No. 59-179.
District Court of Appeal of Florida. Third District.
December 10, 1959.
Morehead, Forrest, Gotthardt & Greenberg, Miami, for appellant.
Nichols, Gaither, Green, Frates & Beckham, and Sam Daniels, Miami, for appellee.
CARROLL, CHAS., Judge.
This appeal is from a summary judgment which was entered against the garnishee, in a garnishment proceeding in the circuit court in Dade County.
The appellee Linda Moore Stotsberry previously had recovered a judgment for $12,500 plus certain costs in an action brought by her against one John Manuel Lorenzo, for damages for personal injuries she received while riding as a passenger in an automobile involved in a collision with one driven by Lorenzo. After judgment a writ of garnishment was issued against American Indemnity Insurance Company. The garnishee answered, admitting that it had issued a liability policy to Lorenzo in the principal amount of $10,000, but denying any indebtedness *483 thereunder, claiming the insured had violated the terms of the policy.[1]
The question raised by the appellant, and the determinative one here, is whether a genuine issue was presented, bearing on the question of liability under the automobile liability insurance policy.
On the plaintiff's motion for summary judgment, the court had before it the record of the action for personal injuries, the pleadings in the garnishment proceedings including the sworn answer of the garnishee, and certain affidavits filed in support of and in opposition to the motion.
The garnishee contended it was relieved of liability because the insured had breached provisions of the policy,[2] by failing to forward the suit papers to the insurer, and by failing to co-operate as required for the defense of the action. No genuine issue was raised as to the first of those claimed violations of the policy and it was expressly abandoned by appellant in the reply brief.
When the tort action was filed, more than a year after the accident, Lorenzo had departed the state. His wife had remained, but did not know his whereabouts. Service of process was made on the absent Lorenzo by serving his wife. Lorenzo was not shown to have known of the suit in time to have sent the insurer the suit papers to avoid a default or to enable defense of the action. However, his wife did give the insurer notice.
The appellant insurer relied on the contention that its liability was dissipated by Lorenzo's failure to co-operate, through absenting himself, knowing of the claim against him, and thus becoming unavailable, or unwilling to appear at the trial. Against that contention, the appellee argued that Lorenzo was excused from the requirement to co-operate, saying the insurer had disclaimed liability, without cause, on another ground, and citing in support of that position Indemnity Ins. Co. of North America v. Forrest, 9 Cir., 1930, 44 F.2d 465, 466; American Automobile Insurance Co. v. English, 266 Ala. 80, 94 So.2d 397, 402; Hunter v. Hollingsworth, 165 Va. 583, 183 S.E. 508, 509-510. The appellant insurer then replied that appellee's assumption that the insurer had denied liability for Lorenzo's failure to deliver the suit papers was not borne out by the record, pointing out that the letter sent by the insurer to Lorenzo did not deny liability but asserted that his failure to forward the suit papers was a breach sufficient *484 upon which to deny liability, reserved the right to do so, indicated an intent to defend the suit, and called on the absent Lorenzo for co-operation.
Thus the matter submitted by the insurer in opposition to the motion for summary judgment disclosed that the insured, during the interval between the accident and the filing of the law suit, knew of the plaintiff's claim against him through contact with the adjuster for the insurer; that he gave a statement to one party, but evaded giving a statement to said adjuster; that he departed from the jurisdiction without informing the insurer of his address; that his wife, who remained here, was not sure of his whereabouts; that after default was entered and before the trial on damages counsel for the insurer wrote a letter to Lorenzo, directed to the address of friends of Mrs. Lorenzo in New York, claiming that Lorenzo had breached the policy by failure to send the suit papers, reserving their rights under the policy, and calling on Lorenzo for co-operation in defense of the case; that the letter was not received by Lorenzo, or if received, was not answered, and that he did not reappear.
It was error to hold, on the motion for summary judgment, that the plaintiff in the garnishment action was entitled to judgment as a matter of law. Whether there was a failure or refusal of the insured to co-operate, and, if so, the legal effect of his conduct on the insured's liability, under the circumstances of the case, were questions which were not resolved. In the case of American Fire & Casualty Co. v. Vliet, 148 Fla. 568, 4 So.2d 862, 863, 139 A.L.R. 767, the Supreme Court said:
"The rule is that to constitute the breach of such a policy the lack of co-operation must be material and the insurance company must show that it was substantially prejudiced in the particular case by the failure to co-operate. The fact that the assured moved out of the jurisdiction of the court without show of evasion and did not refuse to testify or to aid insurer otherwise but merely failed to come to court at his own expense does not void the policy. 72 A.L.R. 1456; United States Fidelity & Guaranty Co. v. Snite, 106 Fla. 702, 143 So. 615; Huddy Encyclopaedia of Automobile Law, 9th Edition, Volumes 13-14, paragraph 298, page 378. These authorities also support the view that whether or not these conditions are all met by the insurance company is one for the jury to settle."
Therefore, the issue to be determined is whether the circumstances of Lorenzo's absence or non-co-operation were such as to amount to a breach of the co-operation clause of the policy under the facts of this case. See Annotation 60 A.L.R.2d 1146 (1958).
Accordingly, the judgment appealed from is reversed and the cause remanded for further proceedings.
Reversed and remanded.
HORTON, C.J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.
NOTES
[1] In this connection the answer stated:

"2. That although it had theretofore issued an insurance policy to the said John Manuel Lorenzo in the principal amount of $10,000, the said John Manuel Lorenzo had violated the terms of the said contract of insurance by failing to cooperate with the garnishee in that he failed to deliver or send to the garnishee the summons and complaint, or in any way notify them of the pendency of this suit, and in that he failed to keep the garnishee informed as to his address or where he might be located in order to be available to aid the garnishee in its preparation of the case and at the trial. That the garnishee attempted to reach and notify the said John Manuel Lorenzo by registered mail at his last known address, and in addition thereto, hired trained investigators in an effort to locate their insured, all to no avail. Whereupon, notification was sent to the last known address of the said John Manuel Lorenzo to the effect that if he did not cooperate, the said contract of insurance would be considered breached, and since this notification went unanswered and the garnishee had no means of compelling further co-operation, so it was that the said contract of insurance was breached and the said defendant was without insurance."
[2] The policy provided, in pertinent part:

"Condition 3. * * * If claim is made or suit is brought against the insured, he shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.
* * * * *
"Condition 5. The insured shall co-operate with the Company, and upon the Company's request, attend hearings and trials and assist in making settlement, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suit."