Enrique DIAZ, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

No. 18512.

United States Court of Appeals
Fifth Circuit.

July 24, 1961.

Hilton R. Carr, Jr., Herbert A. Warren, Jr., Carr & Warren, Miami, Fla., for appellant.

S. O. Carson and Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and WISDOM, Circuit Judges.

JONES, Circuit Judge.

The appellee, State Farm Mutual Automobile Insurance Co., issued its public liability policy of insurance to Robert N. Reed furnishing coverage up to $10,000 for property damage and personal injuries with respect to Reed's automobile. The car, while being driven in or in the area of Miami, Florida, by a person other than Reed, struck and injured Diaz on January 3, 1956. Diaz sued Reed in the Circuit Court of Dade County, Florida, in February, 1956, claiming total and permanent disability resulting from his injuries. Reed died on April 6, 1956, and his administrator was substituted as a party. Diaz recovered a judgment against Reed's administrator on November 25, 1957, for an amount in excess of $150,000. The insurance company denied liability on the policy and Diaz then brought suit against it in the Florida court. Diversity of citizenship being present, the defendant insurance company removed the case to the United States District Court. Diaz at first sought recovery for the amount of the policy, $10,-000, but later increased his demand to the amount of the judgment against the administrator.

The policy contained a provision commonly referred to as a cooperation clause. It required that

"The insured shall cooperate with the company and, upon its request, attend hearings and trials, assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."

The insurance company asserted noncompliance by Reed with this clause of the insurance contract, refused to defend the action against Reed and his administrator, and disclaimed liability to Diaz after judgment had been rendered in the state court suit. The action against the insurance company was tried without a jury and full findings of fact were made by the court. The court found that the insurance company used good faith and diligence in its efforts to locate Reed and secure his cooperation, that in violation of the policy provision Reed utterly and absolutely refused to cooperate, and that the refusal to cooperate was prejudicial to the insurance company. The district court entered judgment for the insurance company and Diaz has appealed.

The appellant here contends that the district court erred in determining (a) that the insurance company used good faith and diligence, (b) that Reed failed to cooperate, and (c) that the insurance company was prejudiced by the failure to cooperate. We do not think that a recital of the evidence upon which the trial court's findings were based is necessary. There was not a great deal of conflict in the testimony. The questions as to whether there has been a failure to cooperate, and, if so, whether the failure has substantially prejudiced the insurance company, are questions of fact. American Universal Insurance Co. v. Stotsberry, Fla.App., 116 So.2d 482; American Fire & Casualty Co. v. Vliet, 148 Fla. 568, 4 So.2d 862, 139 A.L.R. 767; United States Fidelity & Guaranty Co. v. Snite, 106 Fla. 702, 143 So. 615. We are convinced that the case before us is one where we must sustain the findings of fact unless they are clearly erroneous.

Rule 52(a) Fed.Rules Civ.Proc. 28 U.S. C.A. Diaz urges that this is not primarily a fact case but one where the trial court incorrectly interpreted the legal significance of the evidentiary facts, and that we are free from the restraining impact of the clearly erroneous rule under the often reiterated doctrine of Galena Oaks Corporation v. Scofield, 5 Cir., 1954, 218 F.2d 217. This doctrine, we think, is not here pertinent, but did it apply, we would feel compelled to agree with the district court that its findings, whether of law or fact, or both, and its judgment based thereon, are not shown to be erroneous.

It is unnecessary that we consider whether the unjustified refusal of an insured to attend a trial is prejudicial to the insurer as a matter of law. See Royal Indemnity Co. v. Rexford, 5 Cir., 1952, 197 F.2d 83.

The judgment is

Affirmed.