146 So.2d 119 (1962)
Leon E. BARNES and Annie S. Barnes, His Wife, Appellants,
v.
PENNSYLVANIA THRESHERMEN & FARMERS' MUTUAL CASUALTY INSURANCE COMPANY, and Curtis E. Scott, Individually and D/B/a Scott Electric, Appellees.
No. 62-30.
District Court of Appeal of Florida. Third District.
November 5, 1962.
Thomas A. Horkan, Jr., Miami, for appellants.
Smith, Poole & Pahules; Curtis E. Scott and Jesse D. Henry, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
PEARSON, TILLMAN, Chief Judge.
The appellants, Leon E. Barnes and Annie S. Barnes, recovered judgments in a personal injury action against Curtis E. Scott, individually and doing business as Scott Electric. Appellee, Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Company, is the judgment debtor's insurance carrier. This appeal is from a final judgment, on a rule issued upon petition of the judgment creditors, releasing the insurance company from all liability. We reverse.
The rule directed the insurance company to show cause why the judgments should not be paid by the company as insurer for the defendant, Scott. In its answer to the rule nisi, the insurance company denied liability because of the claimed failure of the defendant, Scott, to comply with the assistance and co-operation clause of his policy. Plaintiffs moved to strike the answer to the rule nisi on the ground that the alleged breach of the co-operation clause, if it existed, was immaterial.
After issue was joined and jury waived, the judge tried the question of the company's liability under the policy. His findings are set forth in a well-written order. We adopt that portion of the order as a statement of facts upon this appeal.
"The Assistance and Cooperation Clause between the insured and insurer of the policy in question reads as follows: `12. Assistance *120 and Cooperation of the Insured. The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident.'
"The issues to be determined by the Court in this matter are whether the conduct of the defendant Scott was such as to amount to a breach of the Assistance and Cooperation Clause of the policy under the facts of this case, and if there was a breach, did it have a material and prejudicial effect in the defense thereof?
"On or about March 26, 1960, at approximately 6:30 P.M., at or near the intersection of Southwest 92nd Avenue and Southwest 48th Street, in Miami, Dade County, Florida, an accident occurred wherein the driver of a 1959 Chevrolet truck, one Russell E. Boone, an employee of the defendant Scott, collided with an automobile then and there driven by one of the plaintiffs, ANNIE S. BARNES, with GEORGE C. SIRAKIDES, a passenger in her car, whose death resulted from this accident. The defendant Scott was on a fishing trip at the time the accident occurred; therefore, he was not an eye witness to the accident, but was the owner of the truck involved, the employer of the driver of it, and the actual defendant in this action.
"It further appears from the testimony that the defendant's wife, MINNIE SCOTT, had more knowledge than the defendant Scott himself with regard to the facts surrounding the accident, and cooperated to the extent of giving a statement of what knowledge she had to a representative of the insurer. A statement from defendant Scott was not requested at that time.
"Later, a lawsuit was filed by the plaintiffs herein, service was had upon the defendant Scott, and in due time, the suit papers were forwarded to the attorneys for the defendant-insurer. From this time on trouble ensued between the defendant Scott and the insurer, through their representatives. The evidence revealed that the defendant-insurer was also the collision carrier covering the truck owned by the defendant Scott involved in this accident. The evidence further revealed that defendant Scott was completely dissatisfied with the settlement offer on his truck from the insurer, and expressed his dissatisfaction quite strongly during the taking of his testimony in this cause, and further, by way of documentary evidence that was offered and admitted, which reflected ill-feeling toward the insurance carrier on his part. During the pendency of the within cause and the companion cases hereinbefore mentioned, defendant Scott was set down for the taking of his deposition at least three times, and each time he failed to appear at the appointed hearings. He was further requested on several occasions to appear at the offices of the attorneys for the insurer for conferences in regard to said actions; he also failed to appear at these requested meetings.
"The evidence reflects that up to the time the attorneys for the defendant-insurer were allowed to withdraw as counsel for the defendant Scott in this case, they tried diligently to represent defendant Scott but he would not co-operate, and therefore, the attorneys alleged they could no longer carry out their duties. The attorneys had good reason to believe that defendant Scott would not attend the trial of this case due to his previous conduct of not appearing for depositions and not appearing at their offices when requested; however, it should be stated that defendant Scott did appear at the trial after due notice was given by the Court of the trial date, and of course, after the insurer had denied liability and their attorneys had been permitted to withdraw *121 from the defense of the aforementioned actions."
Having thus stated the facts, the trial judge found that although it might appear from the facts that the failure to co-operate on the part of the insured-defendant might not have been harmful to the insurers, "* * * there was a lack of co-operation on the part of the defendant, CURTIS E. SCOTT, in a substantial and material respect, prejudicing the insurer to the extent that its attorneys were precluded from adequately preparing or providing a defense in this cause." We are unable to agree with this conclusion.
Before proceeding to a discussion of the substantiality and materiality of the insured's lack of co-operation, it is necessary to determine whether prejudice is necessary in order to enable an insurance company to avoid liability where there is some failure to co-operate by the insured. As early as 1932, the Supreme Court of Florida in a case holding that the insured did not breach the co-operation and assistance clause of his contract of insurance where he did not attend a trial for which he had no notice stated:
"The record fails to show any bad faith on the part of Scocos in connection with his absence from the trial. Neither is it shown that, if Scocos had been present at the trial, he could have rendered any assistance to the surety company in connection therewith which would probably have changed the result of that trial." United States Fidelity & Guaranty Co. v. Snite, 106 Fla. 702, 143 So. 615, 616.[1]
In American Fire & Casualty Co. v. Vliet, 148 Fla. 568, 4 So.2d 862, 139 A.L.R. 767, the Supreme Court affirmed a judgment in garnishment against an insurance company where the insured had failed to attend the trial of the garnishment. The company contended that the policy was voided under an assistance and co-operation clause. The court held that the policy was not voided and said: "The rule is that to constitute the breach of such a policy the lack of cooperation must be material and the insurance company must show that it was substantially prejudiced in the particular case by the failure to cooperate." [Emphasis supplied]
This Court had occasion to rule upon a closely allied proposition of law in American Universal Insurance Co. v. Stotsberry, Fla.App. 1959, 116 So.2d 482, where we reversed a summary judgment against the defendant insurance company. It was held that whether there was a failure or refusal of the insured to co-operate, and if so, the legal effect of his conduct on the insurer's liability, were questions which were not resolved. The opinion quoted and based its holding upon the above-mentioned holding in American Fire and Casualty Co. v. Vliet.
While there are different holdings in other jurisdictions, there seems to be no doubt but that the Florida holding is the majority view. See 29a Am.Jur. Insurance § 1472 (1960) and the cases collected in § 3b of the Annotation at 60 A.L.R.2d 1146.
In 1961 the United States Court of Appeals for the Fifth Circuit had occasion to review the subject at hand in Maryland Casualty Co. v. Hallatt, 295 F.2d 64 (5th Cir.1961). The majority opinion states, "We conclude that the question as for need for proving prejudice is not controlled by any of the decisions of the Florida courts." The reasoning behind this conclusion is as follows:
"In [the Vliet case], as in the Snite case which it cites, the decision was based upon the fact that the absence of the insured was justified. The court's observation as to the need for showing prejudice is, we think, obiter dictum and not a statement of the law of Florida which is binding upon us."
*122 In an excellent dissent, Circuit Judge Rives does not agree that the statements regarding the necessity of prejudice in the Vliet and Snite cases were dicta. Going further, he states that even if dicta, the statements of two Supreme Court Justices (in Snite and Vliet) and an appellate court judge (in Stotsberry) are a binding indication of state law. The closing words of the dissent are as follows:
"Under all of the Florida cases which have either passed upon or discussed an insured's breach of the cooperation clause or condition, I submit, the injured person may show lack of prejudice to the insurer and that the failure of the insured was immaterial and unsubstantial and, hence, not a breach of the cooperation clause within the fair intendment and purpose of that clause."
We conclude that the law applicable to this case is as stated by the Supreme Court of Florida and we decline to follow the opinion in Maryland Casualty Co. v. Hallatt, 295 F.2d 64 (5th Cir.1961).
Applying the rule as we find it to be, it is necessary to reverse the judgment of the trial court which discharged the insurance company from all liability since the necessary showing of prejudice was not made. It is noted that the trial judge found that the insured's failure to respond to notices from the attorneys defending the action may not have been harmful to the insurer. It affirmatively appears from the facts found by the trial judge that the insured knew nothing and could have known nothing about the accident. This conclusion is reinforced by the fact that the insurance company declined to take a statement from defendant, Scott, when his wife, the co-insured, was interviewed.
The trial court reasoned that the attorneys for the insurance company ought not be required to work in the dark. This is undoubtedly true; but it is affirmatively shown that after alienating the insured, they represented him in the action initiated by the original complainant until it was lost when summary judgment for plaintiff as to liability was entered. Accordingly, this judgment is reversed and the cause remanded for the entry of a judgment not inconsistent with this opinion.
Reversed and remanded.
NOTES
[1] Cf., Kiely & Co. Inc., v. Bituminous Casualty Corporation, Fla.App. 1962, 145 So.2d 762 [opinion filed October 23, 1962, not yet reported].