163 So.2d 784 (1964)
AMERICAN FIRE AND CASUALTY COMPANY, a corporation, Appellant,
v.
Frank A. COLLURA, Appellee.
No. 3670.
District Court of Appeal of Florida. Second District.
April 15, 1964.
Rehearing Denied May 19, 1964.
*785 Charles Luckie, Jr., of Dayton, Dayton & Luckie, Dade City, for appellant.
William B. Goodson, of Larkin, Larkin & Goodson, Dade City, for appellee.
SMITH, Chief Judge.
The appellant, American Fire & Casualty Company, appeals from a final judgment entered against it in garnishment proceedings initiated by the appellee, Frank Collura. The garnishment proceedings were based upon a judgment which Collura had obtained against A.L. Stephens, who was insured under an automobile liability policy issued by the appellant. The judgment against Stephens was the result of a negligence action arising out of an automobile accident in which Collura suffered personal injuries. In the garnishment proceedings, the insurance company unsuccessfully contended that it was not liable to appellee under the policy because Stephens, the insured, *786 had breached two clauses of the insurance contract, and the compliance with these clauses was a condition precedent to the company's liability.
By the terms of the insurance policy, the company agreed to pay on behalf of Stephens all sums which Stephens should become legally obligated to pay as damages because of bodily injury sustained by any person (Coverage A), or because of injury to or destruction of property (Coverage B), caused by accident and arising out of the ownership, maintenance or use of the automobile owned by Stephens. The policy contained the following pertinent clauses:
"* * *
"2. Notice of Claim or Suit  Coverages A and B. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
"* * *
"7. Action Against Company  Coverages A and B. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy * * *.
"* * *
"18. Assistance and Cooperation of the Insured  Coverages A, B, D, E, F, G, H, I and J. The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits * * *."
In 1956, at a time when the insurance policy was in effect, an automobile owned and operated by Stephens was involved in a collision with an automobile operated by Collura. Notice of the accident was given by Stephens to the insurance company's agent who had sold the policy to Stephens; hence, there is no question here of actual knowledge of the accident. Collura retained counsel who sought settlement of Collura's claim through direct negotiations with the insurance company. About one year after the accident, Stephens moved from Pasco County, Florida, to Graceville, Alabama. Subsequently, the settlement negotiations coming to naught, Collura's negligence action was filed against Stephens. Collura's attorney forwarded to the insurance company a copy of the complaint, together with a written request that the company authorize its attorneys to defend the action. Receiving no response, Collura's attorney then contacted Stephens in Alabama and obtained from him a signed answer. This answer, constituting a general denial, was filed in the negligence action, and a copy thereof was forwarded to the insurance company by Collura's attorney. Thereupon, the insurance company advised Collura that it was not liable under the policy it had issued to Stephens because Stephens had violated the terms of the policy by failing to make demand upon the company to defend the case and by failing to furnish the company with suit papers served upon him.
Upon motion by Collura, the suit then pending was dismissed without prejudice. Shortly thereafter another suit was filed involving the same parties and the same issues. Service of process was effected in the manner prescribed by § 47.30, Florida Statutes, F.S.A. Collura's attorney forwarded to Stephens, by registered mail, copies of the complaint, process and notice of service. Enclosed with the foregoing items were a stamped envelope addressed to the insurance company and a written request that Stephens mail the suit papers to the company. At the same time, Collura's attorney mailed to the insurance company copies of the suit papers, together with a copy of the letter to Stephens requesting him to forward the suit papers to the company. Subsequently, the insurance company was advised by Collura's attorney that a default would be entered against Stephens *787 unless the company defended the suit. Stephens failed to forward the suit papers to the company. Default was subsequently entered, after which there was a trial culminating in the entry of the judgment in favor of Collura and against Stephens, which judgment was in an amount three times the insurance coverage. There was no contact or communication between Stephens and the insurance company from the time he advised the company's agent of the accident until after the entry of the final judgment against him. Stephens' conduct is better understood in the light of the court's finding that he was illiterate.[1]
With regard to the clause requiring the insured to give to the insurance company "notice of claim or suit", the appellant contends that the forwarding by Collura's attorney of the suit papers to the company does not constitute compliance with that condition precedent; and that compliance could only have been effected by the forwarding of the said documents by Stephens, its insured. In so contending, the company frankly admits that the weight of authority is to the effect that the forwarding of the suit papers to the insurer by the plaintiff's attorney meets the requirements of such a condition, citing as an example Spears v. Ritchey, 1958, 108 Ohio App. 358, 161 N.E.2d 516. The company, however, endeavors to draw a distinction between this admitted weight of authority and the law in Florida by pointing out that the decisions in most of the other jurisdictions are based upon the premise that the injured party has such an interest in the insurance policy of the party who injured him that he may fulfill the insured's obligations; whereas, the Florida Supreme Court has held that an injured party does not have any interest in the insurance policy of the party who injured him, citing Brooks v. Owens, Fla. 1957, 97 So.2d 693. In the cited decision, the statement was indeed made that automobile liability insurance is ordinarily considered to be for the protection of the insured and is in the nature of a reimbursement for a loss. The Court acknowledged, however, that "in the foreseeable future," there may be developed the doctrine that an automobile liability insurance policy inures to the benefit of any and all who suffer injuries occasioned by the insured's automobile.
We are of the view that the timely receipt by the insurance company of the suit papers, from whatever source, meets the intent and purpose of that condition which requires the insured to forward suit papers to the insurer; and that the insurance company should not be heard to complain where it has received the suit papers from the injured party as promptly as it could have received them from the insured. Such a holding is particularly appropriate in view of the fact that Florida's Financial Responsibility Law has, under the police power of the state, required financial security of owners and operators of motor vehicles on the public highways whose responsibility it is to recompense others for injury they might cause to persons or property by the operation of their motor vehicles, by providing that any owner or operator involved in an accident shall first respond for damages caused thereby and then, as a requisite to the future exercise of the privilege of owning and/or operating motor vehicles on the public highways, show proof of financial ability to respond for damages in future accidents. § 324.011, Florida Statutes, F.S.A. While this is not to say that an injured party has an interest in the policy of insurance to the extent sought and rejected in Brooks v. Owens, supra, we do feel that the public policy declared in the foregoing statute should not be thwarted by the strained, technical interpretation urged here by the insurance company. This holding places Florida with the great weight of authorities who share the view that it matters not who gives the notice or who furnishes copies of the suit papers, so long as the notice is given and *788 the copies furnished  so that the insurance company may have an opportunity to investigate the claim and defend the suit. 5A Am.Jur.2d, Automobile Insurance, § 225; 8 Appleman, Insurance Law and Practice, § 4740, p. 65; Annotation, 18 A.L.R.2d 458, § 9. This result is similar to that reached in Norwich Union Indemnity Co. v. Willis, 1936, 124 Fla. 137, 168 So. 418, wherein the Supreme Court held that notice to an agent of the insurance company was sufficient, even though the policy required such notice to be given to the home office.
The insurance company next contends that the record here shows that Stephens, the insured, violated the "assistance and cooperation clause" of the insurance policy. Our consideration of this point will encompass all of the facts and circumstances disclosed by the record, specifically including Stephens' failure to forward the suit papers to the insurance company. Even though we have previously rejected the contention that this fact alone constituted such a breach of the contract as to relieve the company of liability, it is an element to be considered with reference to the cooperation clause.
In considering the question of breach of a cooperation clause in an insurance policy, it must always be borne in mind that in order for the company to avoid liability by reason of the insured's breach, the company must show that it has exercised diligence and good faith in bringing about the cooperation of the insured, and that it has in good faith complied with the terms and conditions of the policy. Imperiali v. Pica, 1959, 338 Mass. 494, 156 N.E.2d 44; Oberhansly v. Travelers Insurance Company, 1956, 5 Utah 2d 15, 295 P.2d 1093; Jensen v. Eureka Casualty Co., 1935, 10 Cal. App.2d 706, 52 P.2d 540. On the other hand, the insured is bound to cooperate with his insurer and to abide, both in letter and in spirit, with the terms of the contract; or he should at least be held to reasonably strict compliance with the terms thereof. 6 Blashfield, Cyc. Auto. Law and Practice, Part II, § 4059, cited in Glens Falls Indemnity Co. v. Lingle, Fla.App. 1961, 133; So.2d 78. In the absence of waiver or estoppel, failure to observe the requirements of the cooperation clause will justify the insurer, if it so elects, in treating the policy as broken at the time of the breach of said condition and will defeat recovery on the policy. Ibid. Where the insured has breached the cooperation clause this breach may not be cured by subsequent cooperation. Storer v. Ocean Accident & Guarantee Corporation, 6 Cir.1935, 80 F.2d 470; Nevil v. Wahl, 1933, 228 Mo. App. 49, 65 S.W.2d 123. The mere voluntary submission to service of process by an insured does not, standing alone, necessarily constitute a violation of the cooperation clause of an insurance policy  particularly where substituted or other service of process is available to the plaintiff. 7 Am.Jur.2d Automobile Insurance, § 182. There are numerous decisions in other jurisdictions dealing with the effect upon a cooperation clause where the insured voluntarily submits to service of process or answers without being served. E.g., Metropolitan Casualty Ins. Co. v. Richardson, D.C.S.D.Ill. 1948, 81 F. Supp. 310; Marcum v. State Auto. Mut. Ins. Co., 1950, 134 W. Va. 144, 59 S.E.2d 433; Elliott v. Metropolitan Casualty Ins. Co. of New York, 10 Cir.1957, 250 F.2d 680 (Cert. den. 356 U.S. 932, 78 S.Ct. 774, 2 L.Ed.2d 762). Those decisions, however, are not exactly on point here, because in the second suit in which the judgment was obtained Stephens neither voluntarily submitted himself to the jurisdiction of the court nor answered without service of process. The signing and filing of the answer in the first suit did not interfere with or hinder any defense the insurer might have made in the second suit. The fact that the first suit was dismissed, and the fact that the judgment obtained here was entered in the second suit, lay at rest the questions which might have existed had the judgment been obtained in the first suit; hence the decision in M.F.A. Mutual Insurance Company v. *789 White, 1960, 232 Ark. 28, 334 S.W.2d 686, is not applicable to our facts.
In American Fire & Casualty Co. v. Vliet, 1941, 148 Fla. 568, 4 So.2d 862, 139 A.L.R. 767, the insurance company sought to avoid liability in garnishment proceedings by showing that its insured had failed to comply with the cooperation clause of the policy. In affirming a judgment against the company, the Supreme Court said:
"The rule is that to constitute the breach of such a policy the lack of cooperation must be material and the insurance company must show that it was substantially prejudiced in the particular case by the failure to cooperate."
This rule has been frequently applied in Florida. See, for example: Barnes v. Pennsylvania Threshermen & F. Mutual Ins. Co., Fla.App. 1962, 146 So.2d 119; American Universal Insurance Co. v. Stotsberry, Fla.App. 1959, 116 So.2d 482; Diaz v. State Farm Mutual Automobile Insurance Co., 5 Cir.1961, 293 F.2d 298. Moreover, the Vliet decision is widely cited as one of the leading cases in the country on this point. See: 29A Am.Jur.Insurance, § 1472, p. 584, note 8; Annotation, 60 A.L.R. 2d 1146. Upon the facts and circumstances of the case at bar, and in the light of the above-enumerated principles of law, we conclude that Stephens' actions amount to nothing more than a technical or inconsequential lack of cooperation which did not prejudice the insurance company.
It is contended by the insurance company that the foregoing principles of law are not applicable in the case at bar because all of the conditions of its policy are expressly made conditions precedent to any action against the company, and that, therefore, the company need not show prejudice resulting from the insured's failure to comply with the conditions in order to avoid liability. The company asserts that the cooperation clause was breached at the very instant that Stephens signed the answer in the first suit, and that such breach relieved the company of liability regardless of whether or not any prejudice resulted therefrom. In support of this argument, the company relies upon certain statements made by this Court in State Farm Mutual Automobile Ins. Co. v. Ranson, Fla.App. 1960, 121 So.2d 175, and Glens Falls Indemnity Co. v. Lingle, Fla.App. 1961, 133 So.2d 78, and upon the fact that in the previous Florida cases involving cooperation clauses the policies did not expressly make such clauses conditions precedent. American Fire & Casualty Co. v. Vliet, supra; Barnes v. Pennsylvania Threshermen & F. Mutual Ins. Co., supra; United States Fidelity & Guar. Co. v. Snite, 1932, 106 Fla. 702, 143 So. 615; and W.J. Kiely & Co. v. Bituminous Casualty Corporation, Fla.App. 1962, 145 So.2d 762. Thus, the company takes the position that where, as here, the cooperation clause is made an expressed condition precedent, there is no requirement that the company show that prejudice resulted from a breach of the cooperation clause. We conclude that the insurance company, in presenting this line of argument, has misconstrued the Ranson and Lingle decisions.
The Ranson case involved a policy which required that the insured give the insurer notice of an accident "as soon as practicable". Compliance with the clause was expressly made a condition precedent to actions against the company. The insured was involved in an accident in December of 1955; but until February of 1956 he was unaware that the accident, as such, had occurred. However, even then, the insured did not notify the insurance company until March of 1957  when the injured party filed suit for damages. When the insured contacted the insurance company it refused to defend the suit, on the ground that the insured had failed to comply with the clause of the policy requiring notice of an accident as soon as practicable. Thereupon, the insured brought an action for a declaratory judgment determining his rights under the policy. The lower court found with the plaintiff and decreed that the insurance company *790 was obligated to defend its insured in the personal injury action. The insurance company appealed, and this Court reversed. We pointed out that the purpose of those clauses in insurance policies which require "notice of accident" and "notice of claim or suit" is to enable the insurance company to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it. No valid excuse was shown for the insured's failure to notify the insurance company for more than a year, and this Court held that such notice was not given "as soon as practicable", as required by the policy. It is obvious that under the circumstances of the Ranson case, failure to give notice of an accident for a period of more than a year was prejudicial to the insurer; the insurer had lost its opportunity to make a timely investigation.
The Lingle case involved a policy containing a cooperation clause, the compliance with which was expressly made a condition precedent to the company's liability. The insured corporation's vehicle was involved in an accident resulting in injuries to several passengers riding in the insured's vehicle. Shortly after the accident, the insured, through one of its officers, advised the insurance company in a written statement that the injured parties were employees of the insured corporation. Because the policy coverage did not extend to employees of the insured, the insurance company did not investigate the accident any further. Subsequently, the injured parties filed actions for damages arising out of the accident. During the course of this litigation, the same officer of the insured referred to above made a statement in a deposition that the injured parties were not the insured's employees at the time of the accident. The insurance company, the attorneys for which had been representing the insured in the personal injury actions, immediately brought suit for a determination that it was not liable under the policy, on the ground that the insured had breached the cooperation clause of the policy. From an adverse final decree, the insurance company appealed to this Court. We reversed, holding that the variation in the statements was material; that such conduct constituted a failure to cooperate, in violation of the policy; and that the insurance company was not liable under the policy for the damages sought in the personal injury actions.
We reject the insurance company's efforts to use the Ranson and Lingle decisions as precedent requiring us to hold that an insurer may avoid liability under its policy by merely showing a violation of one of the condition precedent clauses  without a further showing of how such violation prejudiced the insurer. We concede that there is language in the Ranson and Lingle opinions which indicates that the law in Florida might be as contended by the appellant here; thus, we hasten to clarify our position.
The clause which had been violated in the Ranson case was the "notice of accident" clause, and we held that failure to notify the insurer of an accident for a period of more than a year relieved the company of its obligation under the policy to defend the suit brought against the insured, because such notice was not given "as soon as practicable", as required by the clause in question. In the course of reaching that conclusion, we made statements to the effect that where the insurance policy makes the insured's compliance with the notice clause a condition precedent to the insurer's liability, no recovery can be had where timely notice has not been given. As an abstract principle of law, this statement is not faulty. However, the recognition of this principle does not inevitably lead us to the conclusion that an insurer may avoid liability under its policy merely by showing that the insured has violated any of the clauses which have been inserted in the policy as conditions precedent. In the first place, the insurance company has not necessarily afforded itself an escape mechanism simply by making compliance with the clauses an express condition *791 precedent, or condition subsequent,[2] to its liability. The prevailing rule is that compliance with the various clauses in an insurance policy will be considered a condition precedent (or condition subsequent, as the case may be), even if the policy does not contain an express statement to this effect.[3] In the second place, it is a fundamental principle of law that a condition may be excused without other reason if its requirement will involve extreme forfeiture or penalty. Restatement of Contracts, § 302. Forfeitures are not favored either in law or equity, and the courts should avoid them if possible. Accord: Baker v. Clifford-Mathew Inv. Co., 1930, 99 Fla. 1229, 128 So. 827; Hemphill v. Pesat, 1929, 98 Fla. 124, 123 So. 561. Considering the circumstances in the Ranson case, the proposition was correctly stated there, that where the policy contains a clause requiring that notice of an accident be given "as soon as practicable", the clause is breached by a failure to notify the company for a period of more than a year; and in the absence of a valid excuse for the delay, such breach relieves the company of the obligation under the policy to defend the insured. We again applied this abstract principle in Morton v. Indemnity Insurance Co. of North America, Fla.App. 1962, 137 So.2d 618, a case involving an owners', landlords', and tenants' liability insurance policy with both the "notice of accident" clause and the "notice of claim or suit" clause. We held there that failure to give notice for a period of more than six months was, under the circumstances of the case, a breach of the policy, since such notice was required to be given "as soon as practicable"; and that, therefore, the insurance company was not liable under the policy. Earlier this year, we had still another occasion to apply the abstract principle enunciated in Ranson  but this time with a different result. In Employers Casualty Company v. Vargas, Fla.App. 1964, 159 So.2d 875, the insured failed to notify the insurer of an accident for a period of 45 days. The insurance company sought a declaratory judgment determining that it was not liable under the policy, on the ground that the "notice" clause had been breached. It was shown that the insured was a Puerto Rican with a second-grade education; that he did not read English (although he spoke and understood English to a limited extent); that for six years he had dealt with the same insurance agent, who always spoke to him in Spanish and who had never told him that he was to notify the company if he had an accident; that officers at the scene of the accident told the insured to take his policy to the Highway Patrol office, which he did that same day, and after someone there read it over he was told that it was all right and it was returned to him, but no one told him to do anything else; that some time later he received a letter from the Financial Responsibility Division, and he took it to the insurer's agent and told him about the accident; that he signed some paper form at his agent's office and left his policy with the agent, who told him there was nothing else to do; and that the next thing he knew about the matter was when he was served with summons in the declaratory judgment suit. From a summary judgment in favor of the insured, the insurance company appealed. In affirming, we said:
"As stated in State Farm Mutual Auto. Insurance Co. v. Ranson, Fla. App., 121 So.2d 175 (1960), cited by both parties, a policy provision as to *792 the time when notice of an accident must be given, such as, `as soon as practicable,' has been construed to mean that notice is to be given with reasonable dispatch and within a reasonable time in view of all the facts and circumstances of the particular case.

"Under the circumstances in this case, we cannot say that it has been made to appear that the very able trial judge was in error in holding in effect that the insured had given notice of the accident `as soon as practicable.'" (Emphasis the Court's.)
In such cases involving breach of the "notice" clauses (i.e., the "delayed notice" cases), the courts are very seldom concerned with the question of prejudice to the insurer; rather, the primary considerations are usually those indicated by the following quotation from 7 Am.Jur.2d Automobile Insurance, § 143:
"Policy provisions as to the time when notice of an accident must be given take a variety of forms such as `immediate,' `prompt,' `forthwith,' `as soon as practicable,' and `within a reasonable time.' But the exact phraseology used seems to make very little, if any, difference, and it is well settled that none of these expressions require an instantaneous notice but rather they call for notice to be given with reasonable dispatch and within a reasonable time in view of all the facts and circumstances of each particular case. As to what constitutes a reasonable time within which to give such notice, no general rule can be made, since this question depends upon the facts and circumstances of each particular case." (Emphasis added.)
However, when the issue of prejudice is injected into "delayed notice" cases, most courts follow the rule that the insurer is not required to show that it was prejudiced by the breach of the notice clauses. There is considerable authority to the contrary; and even among those who purport to follow the majority rule there are differing views on its application. Appleman delineates and explains the views as follows:
"Many courts have adopted the rule that it is unnecessary for the company to show that it was prejudiced by the neglect of the insured in order to assert this policy defense [breach of the `notice' clauses], it being frequentlystated that prejudice is presumed under these circumstances. This does not mean that upon a showing of delay, alone, the insurer walks out of court free of potential claims. It means, rather, that prejudice being a difficult matter affirmatively to prove, it is not required to make such proof. Prejudice may be presumed, with the burden upon the one seeking to impose liability to show that no prejudice did, in fact, occur  for example, that a complete investigation was made by another insurer or by competent persons who turned over the results to the `late notice' insurer.
"A few courts, however, have adopted a so called rule of `substantial prejudice' which requires that the insurer, in order to be relieved of liability, demonstrate that it was materially and substantially hampered in the making of its defense or in the discovery of facts by the lack of timely notice." (Emphasis added.)
8 Appleman, Insurance Law and Practice, § 4732, pp. 15-17.
With regard to "delayed notice" cases, we conclude that the Ranson, Morton and Vargas decisions have placed Florida in line with the weight of authority as described by Appleman above. Thus, the insurance company is not required to show that it was prejudiced by the failure of the insured to give timely notice, in order to avoid liability under its policy; but, as Appleman stated, this does not mean that upon a showing of delay alone the insurer can avoid liability  it only means that the insurer will not have the burden of *793 proving such prejudice. The outcome of these "delayed notice" cases will ultimately depend upon the facts and circumstances of each case.
But the Lingle case was not a case of "delayed notice"; it was a case in which the insurance company sought to avoid liability under its policy on the ground that the insured had violated the "cooperation" clause of the policy. Such is the situation at hand, and the appellant here points out that in the Lingle decision we cited and quoted from the opinion in Ranson. We concede that in the Lingle opinion, in the course of quoting from and reviewing the authorities covered in the Ranson decision, we made some references to the effect of making a cooperation clause an express condition precedent; however, all of that discussion was prefaced with the determination that the insured's conduct in that case was prejudicial to the insurer. We began our discussion of the authorities with the statement that the insurer is held to be justified in denying coverage "* * * in cases where there is no question of the facts, and the facts themselves plainly show that the statement first given by an insured is material, and his later repudiation of that statement shows that he expects to gain an advantage by such repudiation * * *." 133 So.2d at 80. (Emphasis added.) And we also pointed out that the difference between the two statements made by the insured was that under the first, the insurer would not be liable; while under the second, the insurer would be liable. It "went without saying" in the Lingle decision that the insurance company in that case was prejudiced by the insured's breach of the cooperation clause.
The appellant in the case at bar has apparently been misled by certain broad statements made by this Court in the Ranson and Lingle decisions.[4] For this reason, and in order to clear the air, we expressly recede from any language in the Ranson and Lingle (and Morton) opinions *794 which indicates that an insurer may avoid liability under its policy by merely showing the violation of any of the clauses requiring "assistance and cooperation" of the insured, without a further showing of how such violation prejudiced the insurer. As we view it, the rule in Florida is that an insurance company, in order to avoid liability under its policy on the ground that the insured violated the cooperation clause, must show that the lack of cooperation was material and that it was substantially prejudiced in the particular case by such lack of cooperation. American Fire & Casualty Co. v. Vliet, supra; American Universal Insurance Co. v. Stotsberry, supra; and Barnes v. Pennsylvania Threshermen & F. Mutual Ins. Co., supra. This doctrine is consistent with the rule that failure to give a compensated surety notice of a principal's default as required in the bond does not relieve the surety where the failure resulted in no loss to it. See Maule Industries, Inc. v. Gaines Construction Co., Fla.App. 1963, 157 So.2d 835.
The judgment is affirmed.
ALLEN and KANNER (Ret.), JJ., concur.
NOTES
[1] This fact, of course, would not be a legal excuse for his conduct.
[2] We shall forego here any discussion on the academic question of whether such clauses are conditions precedent, or conditions subsequent.
[3] As to "notice" clauses, see 7 Am.Jur.2d Automobile Insurance, § 141; as to "cooperation" clauses, see 7 Am.Jur.2d Automobile Insurance, § 176. We recognize that there is language in the opinions in Hartford Fire Ins. Co. v. Redding, 1904, 47 Fla. 228, 37 So. 62, and Gulf Life Ins. Co. v. Stossel, 1938, 131 Fla. 268, 175 So. 804, which indicates that the rule in Florida may be contrary to the abovestated prevailing rule, but those statements are dictum.
[4] Others have been confused, too. In 1961, the U.S. Court of Appeals, Fifth Circuit, had before it a diversity case emanating from Florida and presenting the question of "whether [under Florida law] the unexcused absence of an insured from a trial, contrary to the express provision of a cooperation clause in an automobile liability policy of insurance, will relieve the insurer from liability wthout proof that the insurer was prejudiced by the insured's absence." Maryland Casualty Company v. Hallatt, 5 Cir.1961, 295 F.2d 64, at 68-69. The Court found that the precise question had not yet been decided in Florida, thereby expressly rejecting as precedent the Snite. Vliet, and Stotsberry decisions. After reviewing authorities from other jurisdictions, the Fifth Circuit Court of Appeals concluded that the Florida rule would be that the insurer could avoid liability upon a showing that the insured breached the "cooperation" clause without a showing of prejudice. The Court said:

"Our conviction that the courts of Florida would not require a showing of prejudice to an insurer in order that it might be relieved of liability by breach of the insured's duty to attend the trial is strengthened by the decision of the Florida District Court of Appeal in State Farm Mutual Automobile Insurance Co. v. Ranson, Fla.App., 121 So.2d 175, decided in 1960. The condition which was breached by the insured was the clause requiring the giving of notice of accident as soon as practicable. The court took notice of the conflict of the authorities on the question as appeared in the annotation at 18 A.L.R.2d 443, 479. It was held that since the policy contained a provision that no action should lie against the insurance company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of the policy, the question of prejudice became immaterial once it became established that the notice was not given as soon as practicable. The policy before us contains a clause identical with the clause in the Ranson case to the effect that compliance with policy requirements is a condition precedent to recovery. We see no logical reason for a different rule where the breach is one of the clause providing for notice than in a case where there is an unjustified absence from the trial. We conclude that under the law of Florida, prejudice need not be shown."
Circuit Judge Rives dissented, primarily because, in his view, the Florida courts had settled the question in Snite, Vliet, and Stotsberry. Judge Rives said, in part (at 295 F.2d 76):
"* * * Under all of the Florida cases which have either passed upon or discussed an insured's breach of the cooperation clause or condition, I submit, the injured person may show lack of prejudice to the insurer and that the failure of the insured was immaterial and unsubstantial and, hence, not a breach of the cooperation clause within the fair intendment and purpose of that clause."
In 1962, our sister Court in the Third District emphatically rejected the Hallatt decision and held that the law in Florida is as stated in Judge Rives' dissenting opinion, supra. Barnes v. Pennsylvania Threshermen & F. Mut. Ins. Co., Fla.App. 1962, 146 So.2d 119. In 1964, the Fifth Circuit Court of Appeals granted a rehearing in the Hallatt case, recognized the state court ruling in Barnes, and vacated its 1961 judgment and opinion, stating:
"It is fair and accurate to say that the majority's opinion [in 1961] and the principles it stands for are not in accord with the clearly enunciated law of Florida. We know now that the law of Florida is and was at the time of the original trial in direct conflict with our holding."
Maryland Casualty Company v. Hallatt, 5 Cir.1964, 326 F.2d 275.
As a further indication of how the Ranson decision has received varied interpretations, see Royal Indemnity Co. v. Eagle Star Ins. Co., Cir.Ct.Dade Co., 1963, 21 Fla. Supp. 195, 198, where Circuit Judge Dekle stated: "Failure of an insured to give notice of an accident to his insurance carrier could, if determined to be prejudicial, constitute a breach of a condition of the policy and give the insurer a right to deny coverage. State Farm Mutual Automobile Insurance Company v. Ranson, Fla. D.C.A.2d, 121 So.2d 175." (Emphasis added.)