PEARSON, Judge.
The appellant was the garnishee in an action after judgment. The appellee, gar-nishor, was the plaintiff in the principal action. The appellant, an insurance company, appeals the final judgment in garnishment upon the ground that the evidence before the trial judge established as a matter of law that the insurance contract was violated by the tort-feasor’s failure to co-operate.
The evidence relied upon in an attempt to establish that the findings of the trial judge are against the manifest weight of the evidence is: (1) Two written statements of the tort-feasor taken by investigators for appellant soon after the automobile collision and (2) the tort-feasor’s testimony at the trial. It is urged that the discrepancies between the two are such that the appellant was mislead and prejudiced in its defenses. See Glens Falls Indemnity Co. v. Lingle, Fla.App.1961, 133 So.2d 78.
*15 In the Glens Falls case, the court held that a change of position by the insured after two years, whereby he initially maintained that the claimants were his employees and later at trial that they were not employees, was sufficient in the absence of anything to the contrary to show as a matter of law that the standard co-operation clause had been violated.
A review of this record convinces us that there are material distinctions in the two cases, and that there was sufficient evidence before the trier of fact upon which he could find that there was no violation of the provision for co-operation. The evidence which is capable of supporting the trial judge’s determination is: (1) The fact that the insurance company was aware that the tort-feasor had presented a different version of the accident; (2) the record discloses that the insurance company either knew or had at their disposal the facts of the accident; (3) the tort-feasor spoke broken English, and there was no showing in the record that he was able to read English; (4) he did not write or swear to the statements, but rather the statements consisted of the investigator’s version of what he was told and was signed by the tort-feasor; (5) the conflicts which the appellant relies upon as grounds for proving failure to co-operate may be explained as admissions that the tort-feasor was not sure of some of the facts contained in the written statements.
Under these circumstances, and viewing the evidence in the light most favorable to the findings of the trial judge, we believe that this case is governed by the principles set forth in Ocean Accident and Guarantee Corporation v. Lucas, 6 Cir.1934, 74 F.2d 115, 98 A.L.R. 1461. In that case the court affirmed a conclusion of the trier of fact that no violation of the co-operation clause had been shown. In substance the court held that in order to sustain the defense of lack of co-operation, the variance between the statements and information given before the trial and his testimony at the trial had to be a conscious variance on his part as well as a material and substantial variance. It is possible that due to circumstances, such as lack of familiarity with the English Language, the variances in the present case were unconscious rather than conscious. See also American Fire and Casualty Co. v. Vliet, 148 Fla. 568, 4 So.2d 862, 139 A.L.R. 767 (1941).
Affirmed.