PER CURIAM.
We agree with appellant that the trial court erred in summarily deciding that the appellant was not entitled to recover against the liability insurance carrier of a defunct corporation against whom the appellant had secured a judgment for personal injuries.
In American Fire Casualty Co., v. Collura, 163 So.2d 784, 794 (Fla.2d DCA), cert. denied, 171 So.2d 389 (Fla.1964), the court held:
As we view it, the rule in Florida is that an insurance company, in order to avoid liability under its policy on the ground that the insured violated the cooperation *29 clause, must show that the lack of cooperation was material and that it was substantially prejudiced in the particular case by such lack of cooperation. America Fire & Casualty Co. v. Vliet, [148 Fla. 568, 4 So.2d 862 (1941) ] supra; American Universal Insurance Co. v. Stotsberry, [116 So.2d 482 (Fla.App.1959) ] supra; and Barnes v. Pennsylvania Threshermen & F. Mutual Ins. Co., [146 So.2d 119 (Fla.App.1962) ] supra. This doctrine is consistent with the rule that failure to give a compensated surety notice of a principal’s default as required in the bond does not relieve the surety where the failure resulted in no loss to it. See Maule Industries, Inc. v. Gaines Construction Co., Fla.App.1963, 157 So.2d 835.
(Emphasis in original). This view was approved by the Florida Supreme Court in Ramos v. Northwestern Mut. Ins. Co., 336 So.2d 71, 75 (Fla.1976):
This Court in American Fire and Casualty Co. v. Vliet, supra, emphasized that to constitute the breach of a policy, the lack of cooperation must be material and the insurance company must show that it was substantially prejudiced in the particular case by failure to cooperate. Furthermore, as is stated in Collura, supra, the insurer must show that it has exercised diligence and good faith in bringing about the cooperation of its insured and must show that it has complied in good faith with the terms of the policy.
Not every failure to cooperate will release the insurance company. Only that failure which constitutes a material breach and substantially prejudices the rights of the insurer in defense of the cause will release the insurer of its obligation to pay. The question of whether the failure to cooperate is so substantially prejudicial as to release the insurance company of its obligation is ordinarily a question of fact, but under some circumstances, particularly where the facts are admitted, it may well be a question of law. Cf. Norwich Union Indemnity Co. v. Willis, 124 Fla. 137, 168 So. 418 (1936), American Fire and Casualty Co. v. Vliet, supra, and American Fire and Casualty Co. v. Collura, supra.
Following an accident involving the appellant and State Farm’s insured, appellant’s attorney negotiated with State Farm to settle appellant’s personal injury claim. State Farm had appellant examined by a physician and made a substantial offer to settle the case. In the meantime, State Farm’s insured apparently filed for bankruptcy and went out of business. The extent of State Farm’s knowledge of the status of its insured’s circumstances at the time negotiations broke off and appellant sued the insured, is unclear. After the insured failed to defend, a default judgment was entered for appellant. When suit was filed against State Farm pursuant to section 627.7262, Florida Statutes (1991), State Farm defended by asserting that its insured never forwarded the suit papers, and such failure substantially prejudiced State Farm.
Under Collura the issue of prejudice is usually one of fact. Here, there are a number of fact issues to be decided in resolving the issue of prejudice, including the extent of State Farm’s knowledge of its insured’s status; whether it was advised that suit was being filed when its settlement offer was rejected; the reasonableness of its actions thereafter; and, ultimately, of course, whether, in light of its knowledge and the other circumstances of the case, State Farm was actually prejudiced by the failure to receive suit papers from the defunct corporation.
Accordingly, we reverse and remand for further proceedings consistent herewith.
GLICKSTEIN, C.J., ANSTEAD, J., and HOY, JOHN J., Associate Judge, concur.